# Wilson *v.* Taylor.

### *Attachment to enforce Lien of Agricultural Laborer.*

1. *Lien of agricultural laborer; contract for labor and services.*—The lien given by the statute to agricultural laborers, on the crops grown, during the current year, for the hire and wages due them for labor and services rendered in and about the cultivation of such crops, "under any contract for such labor and services" (Code, § 3078), is not limited to express contracts, but equally embraces services rendered under implied contracts.

2. *Same; attachment to enforce.*—Neither the statutory lien of an agricultural laborer, nor the right to enforce it by attachment (Code, § 3081), is waived or abandoned by the recovery of a judgment for the debt in a common-law action.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JAS. R. DOWDELL.

"This action was commenced," as the bill of exceptions states, by original attachment sued out in a justice's court, on the 7th March, 1890, by Mary Ann Wilson against Daniel Taylor, to enforce a laborer's lien against the crops raised on the land on which the labor was done. Motion was made by the defendant to dissolve the attachment, on the ground that there was no laborer's lien; which motion was sustained by the justice, and the attachment dissolved. On appeal by plaintiff to the Circuit Court, the defendant renewed the motion to dissolve the attachment, on the ground that there existed no laborer's lien as to the property seized; which motion was heard and tried on the following agreed facts: Plaintiff worked for defendant during the

year 1889, or a part of the year, and assisted in cultivating and making the crop, a part of which was levied on in this case; but there was no express contract between them for plaintiff's labor or work during said year, nor was any amount agreed on as the price of her labor; but she did labor in the crop, and the defendant got the benefit of her labor. In January, 1890, plaintiff sued defendant, in a justice's court, for her said labor and services, and recovered a judgment for $23.40, besides costs, on the common count for labor done. There was no appeal from this judgment, and it is now a subsisting and unsatisfied judgment. The defendant then filed in the office of the probate judge his schedule and claim of exemptions under the statute, and the plaintiff thereupon commenced this action in the justice's court, by attachment on her said judgment. On this state of facts, the court sustained defendant's motion, dissolved the attachment, and rendered judgment for the defendant." The plaintiff excepted to this ruling and judgment, and here assigns it as error.

S. A. HOBSON, for appellant.

THOS. E. KNIGHT, *contra*, cited *Curtis v. Central Railroad Co.*, 23 Vt. 614; 7 Wait's A. & D. 323; *Gray v. Palmer*, 2 Rob. N. Y. 500; *Nichlaus v. Roach*, 3 Ind. 78; *Bonestead v. Todd*, 9 Mich. 371; *Temple v. Scott*, 3 Minn. 419.

CLOPTON, J.—On the trial of the motion to dissolve the attachment, which was sued out by appellant to enforce the lien in favor of an agricultural laborer, it was admitted that plaintiff rendered labor and services for defendant during the year 1889, in and about the cultivation of the crop, upon which the attachment was levied, and that she had recovered judgment for the amount due her, in an ordinary civil suit before a justice of the peace. There was, however, no express contract, nor any specified sum promised to be paid as hire or wages. The affidavit, upon which the attachment was issued, is not set forth in the record; but it is admitted that it was regular, and according to the requirements of the law.

The first point of insistence is, that the plaintiff is not entitled to the lien, because it is not shown that there was an express contract. The statute declares: "Agricultural laborers, and superintendents of plantations, shall have a lien

24

upon the crops grown during the current year, in and about which they are employed, for the hire and wages due them for labor and services rendered by them in and about the cultivation of such crops, under any contract for such labor and services."—Code, § 3078. The statute, the general policy of which is the securement to the laborer of the just reward of his labor, is founded on the principle of honesty and good conscience, that no person shall be permitted to take and enjoy the fruits of another's toil without making just compensation. Its beneficial provisions should not be so narrowly and strictly construed, as to defeat its just and humane purposes. The statute does not require that the contract shall be express. Its words, *any contract*, are comprehensive enough to include implied, as well as express contracts. Giving to the words of statute their fair and plain import and scope, any contract is sufficient to originate the lien, which, if the labor is rendered, is sufficient to create a debt or liability. The lien may be based on an implied contract.—*Neilson v. Iowa E. R. R. Co.*, 54 Ill. 184; 2 Jones on Liens, § 1236. This objection is untenable.

The plaintiff, having brought suit for work and labor done, and having obtained judgment against the defendant in a justice's court, it is further contended that she thereby waived, or abandoned, her right to enforce the lien by attachment, and elected to rely on an execution on the judgment. The lien is of statutory creation, and depends, not upon the levy of an attachment, but upon the existence and nature of the debt.—*Dryer v. Abercrombie*, 57 Ala. 497. Attachment is merely the remedy provided and given by the statute for the enforcement of a pre-existing and operative lien. Of this remedy the laborer can not avail himself, unless some one of the grounds for the issue of an attachment for the enforcement of such liens exists—unless the defendant, without the consent of, and contrary to his agreement with plaintiff, has removed, or is about to remove the crop, or some portion thereof, from the premises, without paying plaintiff's demand.—Code, § 3081. Though the laborer can not enforce his lien, because of the non-existence of the grounds on which the issue of an attachment is authorized, he may, when his claim matures, pursue the proper common-law remedy for the recovery of his debt. Notwithstanding the debt is merged into the judgment, and its existence and amount conclusively established, its nature is not destroyed, nor affected. Its character remains the same—hire or wages

[Harper v. Rudd.]

for labor and services rendered in and about the cultivation of the crops under a contract. The lien conferred by the statute continues in force after the rendition of the judgment. In a proper case, a creditor may sue in debt, or by general attachment, upon a judgment which he has recovered against his debtor, though he has the right to issue execution. *Young v. Cooper*, 59 Ill. 131; *Kingsland v. Forest*, 18 Ala. 519. The statutory right for the enforcement of the lien by attachment, is not taken away by a previous suit and judgment on the debt. If, after the rendition of the judgment, defendant removes, or is about to remove the crop, or any portion thereof, from the premises, and the judgment remains unsatisfied, we see no reason why plaintiff may not enforce her lien, notwithstanding the debt has been merged in a personal judgment against defendant. Any other construction of the statute would defeat, in many cases, its purposes and policy, by the judicial incorporation of an exception, which the legislature has not seen proper to insert. Plaintiff would have a lien superior to all other liens or claims, except the landlord's lien for rent and advances, without any remedy to enforce it. A construction having such effect should be avoided, if practicable.

The motion to dissolve should not have been granted.

Reversed and remanded.