# Taylor *v.* Hutchinson, *et al.*

*Proceedings to Establish Claim as a Preferred Claim Under Section 250, Constitution 1901.*

[DECIDED Nov. 21, 1905, 40 So. REP. 108.]

1. *Appeal; Necessity of Objection in Trial Court.*—The insufficiency of objections to allowance of a claim must be raised in the trial court and cannot be raised, for the first time, on appeal.

2. *Assignment for Benefit of Creditors; Allowance of Claims; Objections.*—Any creditor, whether preferred or not, may object to the allowance of a claim against the insolvent estate, under Sec. 4146, of Code 1896.

3. *Constitutional Law; Self-Executing Provisions; Preferences.*—Sec. 250, Constitution 1901, is complete and self-executing, needing no legislative enactment to put it in operation.

4. *Banks and Banking; Insolvency; Preferences.*—The holder of a certificate of deposit, payable at a certain fixed date, with interest, is not a depositor within the meaning of Sec. 250, Constitution 1901, so as to have a preference over other creditors.

[Taylor v. Hutchinson, *et al.*]

APPEAL from Lee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Proceedings by Taylor to establish as a preferred claim, a claim against the Shapard Bank, an insolvent, which had made an assignment for the benefit of creditors, in which Hutchinson, et al. creditors of the bank, file objections. The facts are sufficiently set forth in the opinion. From a decree of the chancellor confirming an order of the register allowing the claim as a non-preferred claim, the claimant appeals.

J. M. CHILTON, for Appellant.—Assuming that section 250 is self operative, the question of its proper construction remains. It is a favored maxim of courts of equity that equality is equity.—*Creighton v. Johnson*, 27 Ala. 503; *Branch Bank v. Robertson*, 19 Ala. 798. This has a special application in settlement of affairs of insolvent debtors.—*Getlinger v. Phillippi*, 133 U. S. 246, 11 Am. & Eng. Ency. of Law, 2 Ed. p. 186, so the courts hold that holders of protested notes have no priority over others whose notes had not been protested.—*International Bank v. Sherman*, 101 U. S. 403; *Shepard v. Gersney*, Port. 357. The right to contribution stands upon the same maxim.—108 Ala. 85, and authorities supra. It follows that the statute or rather constitutional provision involving as it does a forfeiture and an innovation upon the right of equality recognized by the common law, should receive a strict construction.—*Cook v. Meyer*, 73 Ala. 580; *Lanier v. Young*, Ib. 587; *Bealle v. Posey*, 72 Ala. 323; *Joseph v. Stovall*, 67 Ala. 237; *Gunter v. Leckay*, 30 Ala. 591; *Lock v. Miller*, 3 S. & P. 13; *Shaw v. Railroad Company*, 101 U. S. 537; 26 Am. & Eng. Ency. of Law, 2 Ed. 62.

It should not be extended by implication beyond the legitimate import of the words used, so as to embrace cases or acts not clearly described by the word.—*Belte v. Taylor*, 81 Por. 564; 26 Am. & Eng. Ency. of Law (2nd Ed.) p. 627. Even remedial statutes are subject to the same rule.—*Webb v. Mullen*, 78 Ala. 111.

Applying these provisions to the constitutional enactment, we find that the rights of all parties become fixed

upon the insolvency of the bank. By insolvency we mean that time when the corporation publicly concedes its inability to further discharge its corporate functions, and by ceasing to be a going concern.—*Conrad v. Insurance Co.,* 1. Peter, 386, 438.

ALBERT E. BARNETT, for Appellee.—Any creditor or party in interest may object to the allowance of any claim filed against the trust estate by filing objections thereto in writing.—Section 4164, Code 1896; *Winston v. Miller,* 139 Ala. 259. The claimant was not a preferred creditor.—Section 250, Const. 1901. The provisions of the Constitution must be regarded as self executing, where the nature and extent of the right conferred and the liability imposed are fixed by the Constitution itself.—*Miller v. Marx,* 55 Ala. 322; *Willis v. Mabin,* (Minn.) 31 Am. St. Rep. 626; 6 Am. & Eng. Ency. of Law, (2nd Ed.) 912. The generally accepted view of a constitutional provision ought not to be disturbed unless clearly wrong.—*Willis v. Mabin,* supra; 77 Ala. 314. In framing a Constitution, the judicial construction given a like provision of the Constitution of other states are presumed to have been adopted.—8 Cyc. 739. The constitutional provision here referred to is similar to those of the constitution of New York, Michigan, Indiana, Iowa, Minnesota, and Kansas. In none of these states does it appear to have ever been questioned, that the provision was self executing. A certificate of deposit payable at a future date is in legal effect a promissory note and the words "on return of this certificate, properly endorsed," do not vary its legal effect.—*Renfro v. Bank,* 83 Ala. 425; 1 Morse on Banking, sections 298, 302; 5 Am. & Eng. Ency. of Law, (2 Ed.) p. 803; 75 Am. St. Rep. 44 note. A certificate of deposit payable at a certain time matures at the expiration of the time for which it is issued and bears interest from the date of its maturity until the certificate is paid.—Section 2627, Code 1896; 1 Morse on Banking; 4th Ed. Sec. 307; 5 Am. & Eng. Ency. of Law, 2nd Ed. 807. The law in existence when a contract is made enters into and becomes a part thereof.—Bishop on Contracts, Sec. 439; *Brine v. Insur-*

*anc Company,* 96 U. S. 627. Whether the objections were properly filed cannot be raised for the first time on appeal.

DOWDELL, J.—The Shapard Bank, a body corporate, being insolvent, made an assignment for the benefit of its creditors, and the trust so created is being administered in the chancery court. The appellant, C. P. D. Taylor, filed his claim for $9,000 with the register, whereupon the appellees, who were creditors, filed their objections in writing to said claim. The claim was subsequently amended, and the objections were refiled to the claim as amended. Upon the hearing the register entered an order allowing the claim as a nonpreferred claim against the trust estate, but referring it until the preferred claims of depositors, who had not stipulated for interest, were paid. To this order the appellant, the said Taylor, expected, and took an appeal to the chancellor, who made a decree confirming the report and sustaining the order of the register. From this decree the present appeal is prosecuted. The three assignments of error question the correctness of the register's order, the affirmance thereof by the chancellor, and the chancellor's decree.

The objections to the claim of the said Taylor were filed in writing under the provisions of section 4164 of the Code of 1896, and were based upon the constitutional provision which gives to "holders of bank-notes and depositors who have not stipulated for interest" a preference of payment over "all other creditors," in case of the bank's insolvency.—Const. § 250. The objections were heard before the register without any question being raised, by demurrer or otherwise, as to their sufficiency and the form of making them; and the insistence here for the first time of the insufficiency of the objections on the grounds stated, if it had any merit, comes too late. Moreover, the statute gives the right to object to "any creditor," and it is immaterial whether the objecting creditor be a preferred or nonpreferred creditor, as in either case he is interested in having the preferred class as small as possible, and the statute makes no difference or distinction.

It is insisted in argument of counsel for appellant that the constitutional provision which gives to "holders of banknotes and depositors who have not stipulated for interest" a preference over all other creditors is not self-executing, and that there has never been any legislative enactment putting this provision in force. There has been no direct adjudication of this precise question, so far as we have seen, in this state, where the provision was first introduced into the Constitution of 1868, and amplified in that of 1875, or in either of the several other states of the Union where the same provision in substance is found. In *Jones v. McPhillips,* 77 Ala. 314, however, it is not questioned, but it is assumed and recognized, in this case, that this provision is self-executing. Of a similar provision in the Constitution of the State of Minnesota, in the case of *Willis v. Mabon,* 48 Minn. 140, 50 N. W. 1110, 16 L. R. A. 281, 31 Am. St. Rep. 626, it was said: "So fas as we are aware, the correctness of this view has never been questioned or doubted in any court, until one of the counsel in this case interposed a brief in which he took the position for which he now contends. Of course, it is true, as counsel says, that this court has never before been called upon to decide the question, and that mere assumption on the part of either bench or bar does not make a thing law; but, on the other hand, it is also true that a construction which has for a third of a century been accepted by every one as so obviously correct as never to have been questioned or doubted is much more likely to be right than a newly discovered one, suggested at this late day by the emergencies of the present litigation. The fact that no such view ever before suggested itself to the minds of court or counsel in the numerous cases where the point might have been made, and where it was to the interest of counsel on one or the other to make it, certainly raises a strong presumption against it. Moreover, as the general accepted view has doubtless long been the basis of credit of corporations, it ought not now to be disturbed, unless clearly wrong." Further quoting from the same case: "The question in every case is, whether the language of a constitutional provision is

addressed to the courts or the Legislature, does it indicate that it was intended as a present enactment, complete in itself as definite legislation, or does it contemplate subsequent legislation to carry it into effect? This is to be determined by consideration both of the language used and of the intrinsic nature of the provision itself. If the nature and extent of the right conferred and of the liability imposed is fixed by the provision itself, so that they can be determined by the examination and construction of its own terms, and there is no language used indicating that the subject is referred to the Legislature for action, the provision should be construed as self-executing, and its language is addressed to the courts." The doctrine is thus stated in 6 Am. & Eng. Enc. Law (2d Ed.) 902: "Constitutional provisions are self-executing when there is a manifest intention that they should go into immediate effect, and no ancillary legislation is necessary to the enjoyment of a right given or the enforcement of a duty imposed. Thus a clause making bank officers individually liable for receiving deposits after knowledge of the bank's insolvency is self-operative."

Our Constitution contains many instances of nonself-executing provisions. In these cases there is always some indication that something is left for the Legislature to do, or there is something in the nature of the provision that renders such legislation necessary. This is not true of the provision now under consideration. The fact that other sections relating to banks and banking may not be self-executing furnishes no good and sufficient reason for holding this independent section not to be so. The provisions exempting homesteads was held to be self-executing in this court in the case of *Miller v. Marx,* 55 Ala. 322. This court, in testing the question by an inquiry, said: "We may probably best understand the subject of this limitation by inquiring whether the framers of the Constitution intended thereby to declare personal rights of the citizen, or to define a rule for the government of the Legislature. If the former, then the clause is legislative in its character. and needs no leg-

islation to give. it force; if the latter, the clause is inert and must remain so until legislation gives it validity. Evidently they must have intended the former, for there is nothing in the sections under discussion which contains directions to the Legislature, or which requires legislative action to give it validity or force. The clause as far as it extends has the force and properties of a law, declarative of the will and purpose of the sovereignty, and it is self-executing." Here the constitutional provision under consideration clearly expressing the will of the sovereignty is declarative of the rights of parties and fixes their status. It is, in itself, a complete enactment, leaving nothing to be done by way of legislation to put it in operation. It is not, in form or substance, a command or direction to the Legislature. It is manifestly intended to create a preference in favor of the creditors preferred thereby as an accomplished fact, not to instruct the Legislature how it should be done. Moreover, it may be said arguendo that this constitutional provision, which has always heretofore remained unchallenged, has doubtless become a basis of the credit of banks and to which depositors have looked as their protection in case of insolvency. Our conclusion is that the provision is and was intended to be self-executing. Another question presented by the record is whether Taylor, the appellant, is a preferred or nonpreferred creditor. The constitutional provision under consideration gives to "holders of bank-notes and depositors who have not stipulated for interest" a preference of payment over "all other creditors;" the term "all other creditors" in this connection meaning and including, among others, depositors who have stipulated for interest and also persons who have loaned money to the bank on promissory notes. It is admitted in the agreed statement of facts that Taylor held the bank's certificate of deposit, payable on a fixed date, and that interest on said deposit was stipulated for and paid by the bank. It is clear that Taylor was not a common or ordinary depositor of the bank within the meaning of the constitutional provision. His deposit was not subject to check at any time and could not have been demanded before

the day of the maturity of his certificate of deposit. He was a creditor of the bank on a loan made to the bank for a fixed period and on which interest was stipulated for. He accepted as evidence of the bank's indebtedness to him its certificate of deposit, which the law declares to be, in legal effect, a promissory note.—*Renfro v. Bank,* 83 Ala. 425, 3 South. 776; 1 Morse on Banking, §§ 298, 302; 5 Am. & Eng. Ency. Law (2d Ed.) 803; note to *Hillsinger v. Georgia R. Bank,* 75 Am. St. Rep. 46. If Taylor had accepted the bank's promissory note for the deposit so made by him, stipulating for interest and payable on a fixed date, it would not for a moment, we apprehend, be contended that he was a depositor within the meaning of the constitutional provision and included in that preferred class. Yet, on the agreed statement of facts, this is his legal status in the case.

The register and chancellor both so ruled, and we are clearly of opinion that they were correct in such ruling. We find no error in the record, and the decree appealed from will be affirmed.

HARALSON, ANDERSON & DENSON, JJ., concur.