# Cole *v.* Sloss-Sheffield Steel & Iron Co.

## *Injury to Servant.*

(Decided February 12, 1914.  Rehearing denied May 14, 1914.
65 South. 177.)

1. *Master and Servant; Injury to Servant; Unlawful Employment; Complaint.*—A complaint alleging that deceased was under 14 years of age, that he was struck by one of defendant's tram cars while he was in the discharge of his duties, and that his death was proximately caused by reason of defendant having employed him in violation of section 1035, Code 1907, states a cause of action under that section of the Code.

2. *Same; Statutes.*—The substitution of the word "any" in section 1035, Code 1907, for the word "the" in the original statute (Acts 1896-7, p. 1099) indicated a legislative intent that the Code section should not be limited to coal mines as was the original statute, by reason of its title.

3. *Same.*—The construction given section 1035, Code 1907, as applicable to all mines, does not govern, and is not governed by, the construction of the other sections in the same chapter of the Code, as those sections are not dependent upon each other, or so closely related that each must be given the same construction.

4. *Same; Contributory Negligence; Mental Capacity.*—Where the action was for the death of a boy 14 years old, a plea of contributory negligence in riding upon a tram car in violation of the rules of the employer, was defective in that it did not aver that the boy had sufficient capacity to appreciate the danger of the risk.

5. *Same; Rules of Employer.*—A plea of contributory negligence that there was a rule of the employer prohibiting employees from riding on its tram cars in performing the duties plaintiff's intestate was employed to perform, is not objectionable for failing to allege that plaintiff's intestate was required to conform to such rule.

6. *Statute; Construction; Review.*—In revising statutes, the alteration of phraseology or the omission or addition of words will not necessarily change the construction or operation of the former statute unless the legislative intent to make such change is clear.

(Mayfield, Sayre and Somerville, JJ., dissent.)

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Joe Cole, as administrator, against the Sloss-Sheffield Steel & Iron Company for damages for the death of his intestate.  Judgment for defendant, and plaintiff appeals.  Reversed and remanded.

Count 5 is as follows: "Plaintiff, suing as the administrator of Willie Cole, deceased, who was a minor under the age of 14 years, claims of defendant the sum of $1,999 as damages for that, heretofore on, to wit, the 17th day of June, 1911, while plaintiff's intestate was in the service or employment of defendant at its ore mines near Bessemer, Jefferson county, Ala., and while in the discharge of his duties, in the course and line of his employment as such, and after he had been employed to work in said mine by defendant, he was struck by one of defendant's tram cars, and thereby so injured that he died from the effect thereof, and plaintiff avers that said injuries and death of intestate were proximately caused by reason of defendant employing the said intestate to work in said mine in violation of the laws of the state of Alabama as embodied in section 1035, Code 1907 of the state, which prohibits the employment of boys under 14 years of age to work in or about mines in this state."

The following is plea 2: "(2) Defendant says that plaintiff's intestate himself was guilty of negligence which proximately contributed to his alleged injuries and death, which negligence consisted in this: At the time said intestate suffered said injuries, there was in force and effect a rule of defendant prohibiting employees performing the duties that said intestate was employed to perform from riding on cars operated on the track on which the said car or tram that struck said intestate was being run when it struck him, and of which rule the said intestate well knew, and, immediately before said intestate received said injury, he was riding on one of the cars being operated on said track, in violation of said rule."

Demurrer B to the second plea is as follows: "Said plea fails to aver or show that plaintiff's intestate was

a boy of mature judgment and discretion, and therefore appreciated the risk or danger of riding on one of defendant's tram cars."

C: "It fails to aver that plaintiff's intestate or other employee in his position were required to conform to the rule prohibiting employees from riding on the cars as operated in said mine."

ESTES, JONES & WELCH, for appellant. The fifth count was sufficient under § 1035, Code 1907, as the Code makes it unlawful to employ women or children in any mine, thus changing the original statute against employment in coal mines. Plea 2 was bad and the court erred in overruling demurrers.—*Pratt C. & I. Co. v. Brawley,* 83 Ala. 371. On this same authority demurrer to plea 3 should have been sustained. Counsel discuss the other pleas, but cite no further authority.

TILLMAN, BRADLEY & MORROW, for appellee. Section 1035 is found in the chapter of the Code relative to coal mines only, and must be construed as having reference to the employment of women and children in coal mines, but not in other mines.—*Bradford v. Dunklin,* 71 Ala. 609; *Lindsey v. U. S. S. Co.,* 127 Ala. 366; *Taylor v. Hutchinson,* 145 Ala. 202; *Gandy v. State,* 82 Ala. 62. The court was correct in its ruling as to plea 2.—*N. C. & St. L. v. Harris,* 142 Ala. 249; *Jefferson v. B. R. & E. Co.,* 116 Ala. 294; 86 N. Y. Supp. 176; 14 S. W. 762; *B. R. L. & P. v. Jones,* 146 Ala. 277; 61 Atl. 1072; 81 S. W. 124; 86 Pac. 469; 180 Mass. 6. On these authorities it must be held that the ruling of the court on the other pleas was free from error.

McCLELLAN, J.—Count 5 of the amended complaint was, under the authority of *De Soto Coal Co. v. Hill,* 179 Ala. 186, 60 South. 583, not subject to demur-

rer, provided the provisions of Code 1907, § 1035, apply
to *ore* mines—to mines other than *coal mines*. The re-
port of the appeal will contain the count.

Code 1907, § 1035, is as follows: "1035 (2933).
Women and boys under fourteen not to work in mines.
—No woman, or boy under the age of fourteen years,
shall be employed to work or labor in or about any mine
in this state."

With the exceptions that *or*, before *boy*, was substi-
tuted for *nor* and *fourteen* was substituted for *twelve*,
Code 1907, § 1035, is identical with section 2933 of the
Code of 1896.

On February 16, 1897 (Acts 1896-97, pp. 1099-1112),
an act entitled "An act to regulate the mining of *coal*
in Alabama" was approved and became a law. [Italics
supplied.] Section 27 of that act provided "that no wo-
men shall be employed to work or labor in or about
*the mines* in this state, or any boy under the age of
twelve years be so employed." In consequence of the
title of the act wherein the subject of the act was re-
stricted to *coal mines,* it is manifest that the provisions
of (its) section 27 were only applicable to *coal mines*
in this state. From this established premise, it is in-
sisted that the codifications of 1896 (section 2933) and
1907 (section 1035) did not intend and did not effect
such change in the legislative purpose as to extend the
prohibitive provisions of the law to *mines* other than
*coal mines* in this state. The question, therefore, is:
Did the codifications mentioned expand the effect of the
inhibition under consideration to comprehend *all, every*
mine, whether coal, ore, or other kind of mine?

As appears, the inquiry presented requires that due
account should be taken, as is done, of the rule of stat-
utory construction thus set down in *Landford v. Dun-
klin,* 71 Ala. 609, and reiterated in *Lindsay v. U. S. Sav-*

*ings Co.,* 127 Ala. 366, 371, 28 South. 717, 718, 51 L. R. A. 393, 394, among other of our cases: "No rule of statutory construction rests upon better reasoning than that in the revision of statutes, alteration of phraseology, the omission or addition of words, will not necessarily change the operation or construction of former statutes. The language of the statute as revised or the legislative intent to change the former statute must be clear before it can be pronounced that there is a change of such statute in construction and operation."

In our recent case of *De Soto Coal Company v. Hill,* *supra,* Justice, now Chief Justice, Anderson writing for the majority, forming the court's pronouncement, it was said of section 1035: "This statute was intended to protect women and children of a tender age from incurring the hazard and danger incident to the operation of mines by imperatively preventing the employment of same, * * * and it should be liberally construed so as to effectuate the humane intent of the Legislature." And this from a New York case is there approvingly quoted: "This is a statute which makes an epoch in the progress of humanity, and the courts should not get in its way or whittle it down, as courts have done in the past."

Aside from the general recasting, in the Code of 1896, of the features of the section (27) whereby the *objects* of its solicitude were described, the chief changes in phraseology, from the act to that employed in the codifications, was the substitution of the word *any* for the word *the* just preceding the word *mines* and the substitution of *mine* for *mines* as that noun was used in the act. In order to be justified in the affirmation that such changes manifested a legislative intent to bring under these provisions *all* mines, it must appear that such purpose was clear and evident.

[Cole v. Sloss-Sheffield Steel & Iron Co.]

In the brief for appellee it is pertinently said: "It is immaterial, of course, that the mischief to be remedied is the same in ore mines as in coal mines, since the expressed intention of the Legislature is the criterion in determining the purview of the acts." In the brief for the appellant this is asserted: "The necessity for such a law with reference to ore mines exists just the same as with reference to coal mines. * * * These deliberate observations of counsel evince the conclusion that there was or is no particular reason based on differences in the nature of coal and ore mining—operations that might qualify the natural inducement to apply the humane legislative purpose to the protection of women and children (within the age limit stipulated) in mines other than *coal mines*.

As employed in sections 2933 and 1035, *any* must be given its usual, ordinary signification in such circumstances. It means *all, every,* as there used. The very fact that the expression *any mine* was substituted by the codifications for the expression *the mines,* when the latter expression in the act could only refer to *coal mines,* manifests, without any fair basis for doubt, a legislative intent to subject to the inhibition of the statute *every* mine in Alabama. It is not conceivable that the change of phraseology thus made could have been adopted without that purpose in view.

*Any* has been the object of much judicial consideration. In 3 Cyc. L. & P. p. 1463 et seq., exhaustive treatment has been accorded the word. Upon occasions it has been accorded a narrower meaning and effect than that we have stated it must here receive. Our own court has several times interpreted it as importing, in the concrete cases under view, that wide signification—that it meant *all, every,* in the relation found. These are our cases referred to: *Taylor v. Hutchinson,* 145 Ala. 202,

205, 40 South. 108; *County of Dallas v. Timberlake,* 54 Ala. 403, 412; *Gandy v. State,* 82 Ala. 62, 2 South. 465; *Wilson v. Taylor,* 89 Ala. 368, 370, 8 South. 149; *Millard's Adm'rs v. Hall,* 24 Ala. 209, 229, 232. In *Gandy's Case, supra,* it was affirmed that the expression *any election* comprehended in ipsis verbis *all* elections, special or general, of the character defined in the statute there considered. To the like direct and comprehensive effect was the statement of the court in interpreting the words *any contract* in question in *Wilson v. Taylor, supra.*

It is urged in brief that, because the codifications were of the act of 1897, which by its title and context was confined to *coal mines,* the irrefragable implication is that *coal mines* only were intended to be subjected to the inhibition of Code 1896, § 2933, and Code 1907, § 1035.

This contention is, of course, worthy of presentation—an argument that should be and has been considered and carefully weighed—but our conclusion is that, though according a fair influence thereto, it is not sufficient to overcome the clear effect of the very comprehensive and unequivocal term *any mine* as employed in the codifications. To conclude to the contrary would require the court to ascribe to the word *any* no more comprehensive significance than to the word *the*—an interpretation that cannot be justified or approved.

It is insisted that the construction of section 1035 we have adopted should logically lead to the application to *all* mines in Alabama of numerous other provisions of the many sections embraced in the Code chapter on Mines and Mining. Our conclusion is to the contrary. Each section of the chapter will be construed and applied as concrete cases are presented to invoke this court's pronouncement. The prohibition of section 1035, as is manifest, is not so related to any other provision

[Cole v. Sloss-Sheffield Steel & Iron Co.]

or provisions of our mining statutes as to justify the premise of the insistence last stated. If there are provisions in the chapter mentioned that are restricted to *coal mines* for their operation, as doubtless there are, they neither depend upon section 1035 nor reflect upon the stated application of section 1035. That section (1035) is independent of any other in our positive law on the subject. The court, therefore, erred in sustaining the demurrer to count 5 of the amended complaint.

Plea 2 was faulty, as pointed out in ground B of the demurrer thereto, in the omission to aver that plaintiff's intestate, who was alleged in the complaint to be under 14 years of age, was a boy of sufficient *capacity* to appreciate the danger or risk to be incurred in not observing the rule averred in the plea to be known to him.—*Pratt Coal Co. v. Brawley,* 83 Ala. 371, 2 South. 555, 3 Am. St. Rep. 751. The plea does aver that the rule described was in force and effect at the time of the injury, thus taking the point out of grounds C and D of the demurrer.

Pleas 3, 4, 5, 6, and 7 were affected with the same infirmity pointed out as affecting plea 2.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and DE GRAFFENRIED and GARDNER, JJ., concur. MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur in the ruling on the pleas, but dissent from the ruling construing Code, § 1035.