# Sloss-Sheffield Steel & Iron Co. *v.* Cole.

*Damage for Death in Mine.*

(Decided February 11, 1915. 68 South. 142.)

1. *Death; Action; Evidence.*—Where the action was for the death of a boy under fourteen, based on the ground solely that his death had resulted proximately from his employment in a mine contrary to the prohibition of section 1035, Code 1907, evidence, while the counts and the pleas raising the question as to negligence and contributory negligence remained in the case, that deceased was earning 75 cents a day, that he was an obedient boy, and not given to roving or idleness, was admissible on the measure of damages recoverable under the issue so made, notwithstanding such counts and pleas were subsequently eliminated.

2. *Trial; Evidence; Motion for Trial.*—If a defendant apprehended prejudice from evidence admitted under certain issues, then present in the case, but which were afterwards eliminated, defendant should have moved to strike such evidence, or to exclude the same.

(Mayfield and Sayre, JJ., dissent.)

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Joe Cole as administrator, against the Sloss-Sheffield Steel & Iron Company, for damages for the death of his intestate, a boy under fourteen years of age, alleged to have been improperly employed in defendant's mine. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and E. A. ALL, for appellant.

ESTES, JONES & WELCH, for appellee.

SAYRE, J.—By this appeal appellant, defendant in the court below, seeks, among other things, to have this court change its ruling in respect to the interpretation, operation, and effect of section 1035 of the Code of 1907. That ruling and a statement of the reasons in support of it may be found in the report of the former appeal in this case, 186 Ala. 192, 65 South. 177. There is no occasion to repeat what was there said; nor, since a majority of the court have on second consideration determined to stand by the former opinion, is there any vital need for a statement of the argument which, to the mind of the writer and two other members of the court, appeared to require that this section of the Code be limited in its application to coal mines. This conclusion serves to dispose of most of the errors assigned, which go in one way or another to the same point.

(1, 2) The case was submitted to the jury on two counts which sought a recovery on the sole ground that the death of plaintiff's intestate had resulted proximately from defendant's employment of the deceased in an ore mine contrary to the provision of section 1035. But while the evidence was being taken there were counts and pleas raising questions as to negligence on the part of defendant, its servants or employees, and contributory negligence on the part of deceased, an employee. The issues raised by these last mentioned counts and the special pleas thereto were eliminated in the last stages of the case; but, while they remained in the case, testimony to the effect that deceased was earning a wage of 75 cents a day at the time of the accident causing

his death, that he was an obedient boy, and not given to roving or idleness, tended to shed some light on the measure of damages recoverable under the issues so made. If defendant apprehended prejudice from this evidence after the issues had been limited as we have noted, it should have then made a motion to exclude.

We find no error, and the judgment will be affirmed. Affirmed.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, GARDNER, and THOMAS, JJ., concur. MAYFIELD and SAYRE, JJ., dissent on the point stated in the opinion.