157 So. 885

## EARNEST v. EARNEST et al.
### 6 Div. 595.

Court of Appeals of Alabama.
Oct. 30, 1934.

Rehearing Denied Nov. 27, 1934.

Wm. W. Monroe and S. T. Wright, both of Fayette, for appellant.

Pennington & Tweedy, of Jasper, and Alex Smith, Jr., of Fayette, for appellees.

SAMFORD, Judge.

The action was in assumpsit on three counts. So far as this appeal is concerned, it will only be necessary to consider the third count, which claims on a certificate of deposit issued by defendant to plaintiff in the principal sum of $800.00 and containing the following recitals:

"Mary Susan Earnest, daughter of R. M. Earnest, has deposited in this Bank—Bank of Berry—61—382 . . . 800 Dol's 00 Cts Dollars payable to the order of self or Father R. M. Earnest 6 months after date with interest to maturity only at the rate of 4 per cent per annum on the return of this certificate properly endorsed. No interest after 6 months unless renewed.

"Leon Studdard a Cashier. 2727."

The defendant admits the indebtedness, but suggests adverse claimants as is provided for in Code 1923, § 10386. In response to this suggestion, claimants appeared in court and made claim to the money as heirs of one R. M. Earnest, deceased; the claimants being the brothers. sisters, nieces, and nephews of plaintiff. One of the brothers admitted the claim of plaintiff, which entitled her to two parts of the fund. The plaintiff claimed by gift from her father, R. M. Earnest, and her mother, Selina. That is the sole question litigated, and is now presented here for review.

The law regarding gifts of personal property as related to the facts in this case is fixed by our statute, Code 1923, § 6896, which provides that parol gifts of personal property are inoperative until the custody, control, management, and use of the property passes from the donor to the donee and is possessed by such donee or his agent.

The transactions with the defendant bank, whereby plaintiff became the creditor and the bank her debtor, were begun in November, 1915, when the bank by arrangement with R. M. and Selina Earnest made the deposit and took the certificate in the name of Mary Susan, this plaintiff, and payable to her order. According to the undisputed evidence, this certificate was after issue delivered to this plaintiff and was in amount $1,000. After the issue of the certificate dated November, 1915, other certificates followed periodically, all reciting a deposit by Mary Susan, some of them made payable to Mary Susan or R. M., agent, and some to Mary Susan or R. M., omitting the word "agent." The evidence is without dispute that at each renewal period the interest was collected and a new certificate issued for the amount remaining; these transactions usually being carried out by R. M. at the instance of Mary Susan, and the new certificate being brought and delivered to her.

The so-called certificate of deposit in this case is in substance and in legal effect a promissory note and not merely a receipt. Miller v. Austen, 13 How. 218, 14 L. Ed. 119; Taylor v. Hutchinson, 145 Ala. 202, 40 So. 108; 7 Corpus Juris, 647 (336).

The first certificate issued by the bank to Mary Susan was made payable to her alone and without any reservation or authority in any one else to act for her. The next two renewal certificates were issued to Mary Susan and made payable upon return and proper indorsements to self or R. M., agent; then follow two certificates omitting the word "agent"; then follow three renewals adding the word "agent." After then the word

"agent" seems to have been omitted after the name "R. M. Earnest." All of these certificates, including the one sued on, were upon issue delivered to this plaintiff.

█ The evidence also establishes the fact that Mary Susan was the only unmarried daughter of R. M. and Selina Earnest; that she lived with and nourished the old folks in their declining years, and after Selina died she remained with and kept house for her father for years and until he died. Under this state of facts, less positive and unequivocal proof is required to establish the delivery of a gift from parent to child than as between persons not so related. And, there being no suggestion of fraud or undue influence, very slight evidence will be sufficient to establish the gift. Caldwell v. Goodenough, 170 Mich. 114, 135 N. W. 1057; Union Trust & Sav. Bank v. Tyler, 161 Mich. 561, 126 N. W. 713, 137 Am. St. Rep. 523; 28 Corpus Juris, 678 (82).

█ As we view the evidence in this case, the gift of the money in the bank took place and was fully consummated when R. M. and Selina deposited the money to the credit of Mary Susan in November, 1915, obtaining a certificate therefor which authorized payment to Mary Susan only; the certificate being then and there delivered to this plaintiff. Certainly R. M. then and there lost all control over the deposit, except such as he might obtain from the donee as a mere gratuity. The fact that after that time the interest was drawn out periodically by R. M. and used in and about the expenses incident to the living of father, mother, and daughter was a concession on the part of this plaintiff, which in no way militated against her title and ownership. The fact also that at one time she allowed $200 to be used in the payment of taxes and that these transactions were conducted by her father for her falls within the same category.

The way this case impresses us is that here were two old people, the children all married and gone except one unmarried daughter and a son, who lived with them. The son was grown and able to take care of himself. The daughter gave her life and labor to the care of the old people and the carrying on of the home. The old folks had this fund of $1,000 which they wanted the daughter to have and to keep for emergencies. They knew she could be trusted to use it for the common good, if it ever became necessary, and they gave it to her with full faith and trust in her love and loyalty, which the evidence discloses she fulfilled to the last.

We think that the plaintiff is entitled to an instructed verdict. But, if not that, then the overwhelming weight of the testimony would entitle her to a new trial.

In arriving at the foregoing conclusions we have done so in full accord with the principle announced in Jones v. Weakley, 99 Ala. 441, 12 So. 420, 19 L. R. A. 700, 42 Am. St. Rep. 84; Montgomery v. Smith, 226 Ala. 91, 145 So. 822; First National Bank of Birmingham v. Lawrence, 212 Ala. 45, 101 So. 663; Wheeler v. Glasgow, 97 Ala. 700, 11 So. 758; Sayre v. Weil, 94 Ala. 466, 10 So. 546, 15 L. R. A. 544.

Let the judgment be reversed and the cause be remanded.

Reversed and remanded.