FRANK M. LEE, ADMR. *v.* EUNA CASWELL ET AL.

[45 South., 980.]

PRACTICE. *Replevin. Parties.*

When in a justice's court the defendant in replevin had been sued by mistake, and, without objection by plaintiff or the entry of a default against the defendant, an issue between the plaintiff and a claimant was made up and tried, the fact that there was no contest by defendant, who was not a party to plaintiff's appeal from a judgment in favor of the claimant, affords no reason for disturbing a verdict in favor of the claimant in the circuit court— the real controversy being between her and the plaintiff.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Carl G. Caswell instituted replevin before a justice of the peace to recover from Mrs. Cena Patterson a diamond ring. Mrs. Euna Caswell intervened as claimant of the property, and was adjudged entitled to its possession. Carl G. Caswell appealed to the circuit court but died intestate before trial there; and on the trial F. M. Lee moved to be entered of record as plaintiff, as administrator of the estate of Carl G. Caswell. The cause was tried in the circuit court on the merits as to the respective rights of the estate of Carl G. Caswell and of the appellee, Mrs. Euna Caswell, to the possession of the ring, resulting in a verdict and judgment for Mrs. Euna Caswell; whereupon Lee, administrator, appealed to the supreme court.

The opinion of the court states the facts.

*Quin & Williams,* for appellant.

Plaintiff's motion for judgment should have been sustained, inasmuch as, when it was made, the pleadings had been read to the jury and both parties had announced ready for trial, and the defendant, Mrs. Cena Patterson, had failed to file any claim

alleging ownership of the ring, and had, moreover, failed to file
any plea of not guilty as required of her by Code 1906, § 4232.

*J. N. Yawn,* for appellee.

There was no error in the lower court's refusal to sustain the
plaintiff's motion for judgment in his favor because of the fail-
ure of the alleged defendant, Mrs. Cena Patterson, to plead or
join issue. The real parties to the controversy in the circuit
court were the plaintiff and Mrs. Euna Caswell. Mrs. Cena
Patterson was not even a party to the appeal from the justice's
court; and hence had no interest as a party in the circuit court.

No objection was made in the justice's court or in the circuit
court to the method whereby Mrs. Caswell became a party claim-
ant. The issue as to her ownership and right of possession
to the ring was joined and fought to a finish before the jury, and
correctly decided in her favor. Whatever irregularity may
have existed as to parties in the lower courts, it is now too late
for any claim to be made as to the same. This court will not
disturb the verdict and judgment in this case, under the cir-
cumstances.

CALHOON, J., delivered the opinion of the court.

Carl G. Caswell brought his action of replevin in the court of
a justice of the peace against Mrs. Cena Patterson for a diamond
ring. The process was issued against Mrs. Patterson, and the
officer's return is that the writ was executed by "taking posses-
sion of within described ring, value $100, and by summoning the
defendant personally. This 3/15/1907. The defendant having
entered into bond according to law, with James Finch and W.
P. Mills as her sureties, I turned ring back to her and now re-
turn said bond and writ. This 3/16/1907." No such bond ap-
pears in this record. Mrs. Euna Caswell, who, it turned out,
was a daughter of Mrs. Patterson, made oath that the ring was
her property, and not the property of her mother, Mrs. Pat-
terson, and winds up with the statement that her mother was
erroneously made defendant in the suit.

The proceedings of the court of the justice of the peace show that the case came on for hearing, and Mrs. Euna Caswell "makes affidavit that she is the correct defendant, and that Mrs. Cena Patterson, her mother, against whom this suit was instituted, was made defendant in error," and that a jury was demanded and came, and the evidence taken and the argument of counsel heard, and that the verdict of that jury was for Mrs. Euna Caswell, and thereupon the judgment in that court was "in favor of the defendant, Mrs. Euna Caswell, and against the plaintiff, Carl G. Caswell, for possession of the ring, and also for costs herein." Thereupon Carl G. Caswell took his appeal to the circuit court, and made the appeal bond payable to Mrs. Caswell, and the bond recites the condition to have been that Mrs. Caswell, claimant, was awarded the ring, and that appellant, Caswell, feeling aggrieved "in not allowing an adjudication to the original parties to the suit first, and then furthermore being aggrieved at the action of the jury in rendering verdict in favor of the claimant, he asks an appeal," etc. No application was made in the court of the justice of the peace for a judgment by default against Mrs. Patterson, nor for any trial against her.

The first instruction asked by the plaintiff, Caswell, in the circuit court, which was given, was this: "The court instructs the jury, for the plaintiff, that Mrs. Cena Patterson has no interest in the suit." Testimony was had, and a jury, and verdict rendered for Mrs. Caswell, and that she "retain possession of the ring." On the facts it is not possible to reverse this case, because on the testimony the jury believed that Mr. Caswell had given the ring to his wife before marriage. It seems that after the marriage there was a separation, but no divorce. There further appears in this record the following: "Now comes the plaintiff and moves the court for a judgment in the case of *Carl G. Caswell* v. *Mrs. Cena Patterson,* for the reason that all the pleadings are in and have been read to the jury, and the jury accepted by both sides, the defendant answers ready for trial, and has filed no pleading claiming pos-

session of the ring sued for, and, further, that the defendant does not even say in her pleadings that she is not guilty of the premises charged against her, as provided in section 4232, Code of 1906"—which motion was overruled. There was a motion for a new trial, the only ground of which needing to be considered is that "the court erred in overruling the plaintiff's motion for judgment on the failure of defendant, Cena Patterson, to plead or join issue." Mrs. Patterson was not a party to the appeal.

On this whole record we decline to reverse the judgment in this case. It is manifest that Mrs. Patterson dropped out of it in the justice's court, where it was recited that she was not the proper defendant, but that Mrs. Caswell was, and the trial was had as if Mrs. Caswell were the actual defendant. The docket of the court of the justice of the peace does not show any objection was made there because Mrs. Patterson did not plead, and the very right of the case was determined as between plaintiff and Mrs. Caswell, whether she be called defendant or claimant. We think it abundantly shown by the evidence that Mrs. Caswell was the real owner of the ring by a gift from her husband before they were married.

Pending proceedings in the circuit court on the appeal, F. M. Lee moved to be entered of record as plaintiff, "as administrator of said estate." There seems to have been no action of the court on this motion. The real controversy in the circuit court was between W. A. Caswell, a brother of the deceased, and his widow, Mrs. Caswell; the brother claiming to own in virtue of a will made by Carl G. Caswell. No will is produced, and no title is shown in W. A. Caswell whatever. Mrs. Euna Caswell, being the wife of Carl G., if they left any children, she inherited and became the owner of the ring, subject only to his debts, if he had any, or some valid bequest to another, none of which is shown in this record.

*Affirmed.*