HINMAN *v.* SABIN.*

(Division B. May 30, 1927.)

[112 So. 871. No. 26532.]

1. MARRIAGE. *In replevin by trustee, court will not presume defendant, Mrs. J. E. S., was wife of J. E. S., grantor in trust deed; in replevin by trustee, marriage between defendant and grantor in deed of trust, if it existed, should be proved.*

    Where a trustee institutes a suit in replevin for property alleged to be detained by Mrs. J. E. Sabin, and on the trial of the cause fails to prove that she is the wife of the grantor in the deed of trust, whose name is J. E. Sabin, the court will not presume that the defendant in replevin is the wife of the grantor of such deed of trust merely because they have the same initials. Marriage, if it be a fact, should be proved in such case.

2. EVIDENCE. *Court will not base one presumption on another presumption.*

    The court will not base one presumption upon another presumption.

3. HUSBAND AND WIFE. *Replevin. In replevin, plaintiff should prove right to possession by competent evidence; allegations of detention of replevied automobile by Mrs. J. E. S. do not give rise to presumption that her alleged husband, J. E. S., had title thereto.*

    In a replevin suit, where property is found in the possession of the defendant, the plaintiff should prove his right to the possession of the property by competent evidence.

4. REPLEVIN. *In replevin, where forthcoming bond is given, plaintiff should prove value of property.*

In a suit in replevin, where a forthcoming bond is given for property replevied, the plaintiff should prove the value of the property in the trial.

---

*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 84, n. 71; p. 85, n. 72; Marriage, 38CJ, p. 1321, n. 53; Replevin, 34Cyc, p. 1501, n. 11; p. 1503, n. 28; Presumption must be based on evidentiary facts and not on another presumption, see 10 R. C. L. 870; 2 R. C. L. Supp. 1094; 5 R. C. L. Supp. 568; 6 R. C. L. Supp. 624; On right to immediate possession as test of right to bring action in replevin, see 23 R. C. L. 866; 4 R. C. L. Supp. 1509; 6 R. C. L. Supp. 1378.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

Replevin by John Hinman, trustee, against Mrs. J. E. Sabin. From a judgment for defendant, plaintiff appeals. Affirmed.

*Knox Lamb,* for appellant.

The appellee by giving bond for the forthcoming of the property is estopped to deny the jurisdiction of the court. *Fitzgerald* v. *Williams,* 101 So. (Miss.) 370. The affidavit in the case at bar values the property at six hundred fifty dollars and the test of jurisdiction is the value of property as shown by the affidavit, and is not the value of the property as found by the jury. *Thompson* v. *Poe,* 104 Miss. 586, 61 So. 656.

It was also the contention of the appellee in the court below that there was not sufficient proof of the value of the automobile to allow the case to go to the jury. On this question the courts have held that only the slightest proof of value is necessary to carry the case to the jury. *Jennings* v. *Givson,* Walker's Report (Miss.) 234.

Another reason why the appellee cannot deny that there was sufficient proof of value to go to the jury is because the appellee's bond recites that the value of the

property is five hundred dollars and was so held by this court in *Furst* v. *Pease,* 97 Miss. 468.

But for the sake of argument, let us suppose that there was not sufficient proof of the value of the property to go to the jury. In this event, as has been repeatedly held in this state, regarding the duty of the trial court, if the jury decides as to the right of possession, but fails to assess the value of the property in controversy, the verdict as to the right of possession should not be disturbed and a writ of inquiry awarded to assess the value of the property. *Clarke* v. *Parker,* 63 Miss. 549. The following cases sustain this contention: *Rushing* v. *Rushing,* 52 Miss. 329; *Ketchum* v. *Brennan,* 53 Miss. 596; *Atkinson* v. *Foxworth,* 53 Miss. 733; *Spratley* v. *Kitchens,* 55 Miss. 578.

The object sought for in proving the value of property in replevin is that the jury may return an alternate verdict. *Thompson* v. *Scheid,* 39 Minn. 102, 12 A. S. R. 619.

Replevin is an action *ex delicto* and not *ex contractu,* and it is, therefore, not necessary to allege or attach to the declaration the basis of the claim of ownership, but is only necessary to allege ownership. *Quarles* v. *Hucherson,* 139 Miss. 356.

On the proposition as to whether the proof of ownership of the automobile by J. E. Sabin was sufficient, we think there is no question. By giving bond for the forthcoming of the automobile, Mrs. J. E. Sabin admitted that the car was in her possession and thus a *prima-facie* case of ownership by J. E. Sabin was made. This point was well settled in *Fed. Reserve Bank of St. Louis* v. *Wall,* 103 So. (Miss.) 5.

In conclusion, we submit that there was sufficient proof to take the case to the jury and allow them to decide who was the rightful owner of this automobile.

*Osborn & Witty,* for appellee.

I. We contend here, as we did in the court below, that the mere introduction of the recorded lien on a piece

of personal property in the hands of a party who is not a party to the lien is not sufficient to put the case to the jury, and is wholly insufficient to overcome the *prima-facie* presumption of ownership which the law imputes when the personal property is found in the possession of such third party.

It was necessary before the case could be legally submitted to the jury for the appellant to introduce evidence to show that J. E. Sabin owned the automobile when the deed of trust was executed, or to show that the appellee was the wife of J. E. Sabin at the time the deed of trust was executed. Of course, even then appellee could have shown her own title and ownership and right to possession, but the point is that at no time during the trial did it become incumbent upon appellee to offer any evidence whatever because appellant wholly failed to make out his own case.

II.   There was no sufficient proof of the value of the property to enable the jury to fix its real value. The burden rests absolutely upon the plaintiff to show the value of the property in controversy, and this he may do in two ways: (1) He may offer direct evidence of the value, that is to say, oral evidence; and (2) as provided by statute, he may rely upon the valuation placed thereon by the officer in his return on the writ. These are the only two ways the value can be proved. *Furst* v. *Pease*, 97 Miss. 468, has no bearing whatever on the case at bar.

III.   In the court below, appellant argued, as he is here arguing, that appellee is the wife of J. E. Sabin, the grantor in the deed of trust, and that therefore a presumption will arise that the automobile in controversy was his property and not the property of his wife. We think the circuit judge was right when he called appellant's attention to the fact that there was no proof in the record that appellee is J. E. Sabin's wife.

No effort was made to prove that J. E. Sabin was ever the husband of appellee, that he ever had possession of the automobile, or ever used it, or that it was ever in the joint possession of J. E. Sabin and the appellee, or that he had ever paid taxes on it; in fact, no proof that he had ever exercised any control or ownership, but what proof was offered does show that the automobile was in the possession of the appellee when the writ was served, and we submit that without proof on the part of the plaintiff to overcome the presumption of ownership by possession, his case was properly excluded from the jury.  32 Cyc. 677; 34 Cyc. 1501.

Argued orally by *Knox Lamb,* for appellant, and *S. I. Osborn,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal from a judgment based on a peremptory instruction for the defendant, Mrs. J. E. Sabin. The action was on a writ of replevin, and the affidavit stated that a certain deed of trust was executed by J. E. Sabin, on the 22d day of April, 1925, for the benefit of John W. Dickins, in which the plaintiff, appellant here, was named as trustee; that one Nash automobile, Model 691, valued at six hundred fifty dollars, the property of the affiant, was wrongfully detained by Mrs. J. E. Sabin, in Leflore county, in the state of Mississippi. The writ of replevin was issued, and the sheriff made the following return thereon:

"I have this day executed the within writ, personally, by delivering to Mrs. J. E. Sabin a true copy of this writ, and by levying upon, and taking into my possession the within named and described automobile. Further executed by releasing the said automobile on a bond for one thousand dollars previously executed; said bond now being in possession of G. S. Pate, circuit clerk."

The plaintiff or appellant introduced the deed of trust and notes in evidence, and sought to prove the value of the automobile by a witness, who failed to testify as to its value, but did testify that a used automobile of the make of the one involved had a trade-in value with the company for a new car, of from five hundred dollars to six hundred dollars. Apart from this statement, there was no testimony as to the condition and value of the automobile. The plaintiff then rested his case, and motion was made to exclude his evidence and grant a peremptory instruction for the defendant. Thereupon plaintiff made a motion to reopen his case, which was allowed; and he offered in evidence the bond and writ of replevin with the officer's return thereon, and again rested, when motion was renewed by the defendant to exclude the evidence, and a peremptory instruction was granted by the court to the defendant.

It is contended by the appellant, or plaintiff, that the ruling of the court was error, because the law would presume that Mrs. J. E. Sabin was the wife of J. E. Sabin, would presume that they were living together as husband and wife, and would presume that the property was upon the premises and belonged to the husband rather than to the wife. There was no proof to show that the husband was the owner of the automobile at the time he gave the deed of trust. Under the laws of this state, the wife is emancipated from all the disabilities of marriage, and is entitled to hold property to the same extent as a man, or in this case as her husband would. The general rule is that the court will not draw one presumption from another presumption. We do not think the law would presume that because the woman is described in the pleading as Mrs. J. E. Sabin, it would necessarily mean that she was the wife of a man of the same initials. There ought to be some proof of the marriage relation, either direct or circumstantial, from which the court could find as a fact that the woman was the wife of the man.

We think, further, that the allegations of the detention of the automobile by the defendant, Mrs. J. E. Sabin, carries the idea that the automobile was in her possession; and possession, in the absence of other proof, would carry the presumption of ownership. Consequently, we could not presume that the husband had title to the automobile. That fact, if it be a fact, should have been proved by competent testimony.

We further think that it devolved upon the plaintiff to prove the value of the car. This is a suit in replevin, and the defendant under the forthcoming bond would have the option of either paying the value of the car as found by the jury or the court or restoring the car to the plaintiff in replevin. If the sheriff had placed a specific value upon the automobile in his return, the value would have been proved by such return in the absence of other evidence. There is nothing to show that the sheriff valued the automobile; but the return shows that the bond was made out for him prior to the seizure, and that he accepted and returned the bond, which was not in the sum of twice the value of the property, as alleged in the affidavit. Consequently the return does not show a valuation by the sheriff. The plaintiff assumes the burden of the proof, and therefore must meet it; and, if he fails, the court may rightfully direct a verdict for the defendant.

The judgment of the court below is affirmed.

*Affirmed.*