CAREY-REED CO., INC., v. FARMER.

(Division A. Nov. 20, 1939.)

[192 So. 48. No. 33852.]

14

16

Sillers & Roberts, of Rosedale, for appellant.

Roberts & Smith, **W. B. Alexander, Jr.,** and **W. D. Jones,** all of Cleveland, for appellee.

**Anderson, J.**, delivered the opinion of the court (after stating the facts as above).

The ground of appellant's liability is negligence, not that it warranted the fitness of the city water for human consumption; no such obligation rested upon it. Appellant argues that it was entitled to a directed verdict because the evidence fell short of tending to establish negligence in a substantial way; that the case rested "upon inference, upon inference, and the ultimate inference is only more or less a strong possibility". The question is whether appellant negligently polluted the water in the water main in the area surrounding the city fire hydrant to which appellant's water line was attached. We are of opinion that question should be answered in the affirmative, and we reach that conclusion upon the following considerations:. The Bayou water was so polluted as to be unfit for human consumption; it was dangerous to the health of those drinking it. Its contamination was sufficient to cause the character of ailments suffered by appellee and others in the affected area. Appellant is bound to have known, as everyone did, that the Bayou

was a sewage receptacle to a large extent of the City of Cleveland and the town of Boyle, as well as along the way between the two places. Appellant must have known that greater pressure at the pump end of its water line than at the other end would result in forcing the Bayou water into Cleveland's water supply. The fact, which was undisputed, that the outbreak of sickness was confined alone to the area around the Cleveland connection of the pipe line and the balance of the inhabitants of the city were unaffected, is strong evidence that the pollution was from the Bayou water and not from any other source. The evidence showed that by the installation of a safety valve, which would have cost little, the possibility of the city water being contaminated by the Bayou water would have been avoided. Among other cases relied on by appellant is Masonite Corporation v. Hill, 170 Miss. 158, 154 So. 295, 297, 95 A. L. R. 157. The Court did not hold in that case that negligence could not be established by inference upon inference, but held to the contrary, using this language: ''While it is true that the rule is an established one that a presumption may not be based upon another presumption, Hinman v. Sabin, 147 Miss. 509, 514, 112 So. 871, and that following this many courts have said, and most of the texts announce, that an inference essential to establish a cause of action may not be based upon another inference, we think the rule holds good only as to legal presumptions, strictly speaking; but that, as to inferences deduced from the facts, it is not the unqualified rule that an inference may not be based upon another inference. Numerous cases of circumstantial evidence found in our books, and many trials in the everyday experience of our bench and bar, disclose that inference upon inference is availed of and is enforced. 1 Wigmore, Ev. (2 Ed.), pp. 258-260; 1 Jones, Com. Ev. (2 Ed.), pp. 625-637.''

With reference to the argument that the verdict was so excessive as to evince passion or prejudice on the part of the jury, we say this: Although the verdict seems

large, we cannot say with absolute confidence that it is so large as to evince passion or prejudice on the part of the jury. Taking the testimony of appellee and her physician to be true, as the jury doubtless did, and was justified in so doing, prior to this attack she was in good health; for two weeks afterwards she was in bed most of the time seriously sick and up to the trial—about fourteen months after the attack—she still at times suffered from abdominal pains and nausea. The evidence tended to show that her condition might be permanent.

Affirmed.