PITTMAN *v.* GOUDELOCK.

No. 41272 November 9, 1959 115 So. 2d 303

*Alexander, Feduccia & Alexander,* Cleveland, for appellant.

*Chas. C. Jacobs, Jr.,* Cleveland, for appellee.

McGehee, C. J.

This is a replevin suit brought by the appellant against the appellee to recover the possession of a diamond ring. The appellee gave bond to retain possession of the ring, and she therefore still has the same in her possession. At the conclusion of the trial in the circuit court a peremptory instruction was granted in favor of the defendant. Mrs. Linda Goudelock. One of the assignments of error on this appeal, and the only one which we need to give attention, is the granting of the said peremptory instruction for the defendant.

The appellant, Mrs. Sue Pittman, was married to Dr. Pittman of Ruleville, Mississippi, on July 29, 1934. Dr. Pittman had been previously married to the mother of the appellee, and the diamond ring in question was originally given by Dr. Pittman to his said first wife. After the death of the first Mrs. Pittman, the doctor married the appellant, who undertook to testify at the trial that Dr. Pittman gave the ring to her about a month before they were married and that she saw him remove the same

from the finger of his first wife at the time of her death, but the trial court correctly sustained an objection to this testimony as to the gift of the ring to the appellant, as tending to establish a claim against the estate of the said Dr. Pittman. The heirs-at-law of Dr. Pittman were the appellant, the appellee and her two sisters.

Neither the first Mrs. Pittman nor Dr. Pittman left a will, but if the ring belonged to Dr. Pittman after the death of his first wife, and if he still owned the same at the time of his death on March 8, 1947, the said ring thereupon became the property of the appellant, the appellee, and the two sisters of the latter, as tenants-in-common thereof.

But the proof on behalf of the appellant, as plaintiff in the circuit court, is wholly uncontradicted to the effect that in April or May of 1947, following the death of Dr. Pittman, his three daughters, including the appellee, met the appellant at the home of the latter, accompanied by their attorney, and at a time when the attorney for the appellant was also present, to have a settlement by agreement which would involve a division of the personal effects that had been left in the home of Dr. Pittman and the appellant at the time of his death, other than the household furniture. The testimony on behalf of the appellant further disclosed that the appellee and her two sisters had made, or caused to be made, a list of the articles of personal property to which they claimed to be entitled. The list contained hand painted china, Sunday china dishes, "Mother's" sewing machine, silver candlestick holders, cut glass vases, salad bowls and candlesticks; antique marble-top table, books, ring, pictures personal of "Father", and "Father's" watch. The testimony of the appellant, which was introduced on the point without objection, was to the effect that the ring was the bone of contention, the plaintiff in the replevin suit claiming that the ring belonged to her and the defendant claiming that it was her Mother's ring and that she was entitled to the same. The result was that all of

the items above-mentioned were surrendered by the appellant to the appellee and her sisters except the ring and the sewing machine. The appellant testified that she and the defendant and the sisters of the latter agreed that the division was to be a complete settlement as to the personal property, and that the settlement was effectuated by her surrender to the defendant and her said two sisters all of the property above-listed, except the sewing machine and the ring. The list of personal property above-referred to was kept in the office of the appellant's attorney, and we gather from the testimony that her attorney made a circle around the word "ring" on the list. As to what this circle indicated is not shown. Seven of the above-listed articles were turned over to the appellee and her sisters on the occasion of the meeting at her home for a division of the personal property, and later the appellant surrendered to the appellee and her sisters the "Sunday china dishes." The appellant continued to wear the diamond ring at all times after the death of Dr. Pittman, and had done so at all times subsequent to the marriage of Dr. Pittman to the appellant on July 29, 1934.

On July 17, 1958, the appellant was a patient in the City Hospital at Cleveland, Mississippi, and on that date she was under the influence of alcohol to the extent that she was unconscious. At the noon hour of that day, the appellant's daughter by a former marriage went to the courthouse to get papers prepared for the commission of her Mother to the Mississippi State Hospital, a mental institution, to be treated for alcoholism, and her daughter was also down town at the noon hour to get her Mother some clothes to be carried with her to the said institution.

While the appellant's daughter was thus absent at the noon hour on July 17, 1958, the appellee went to the hospital and entered the room of the appellant, removed the ring in question from her finger, stating to a nurse at

the hospital that the ring belonged to the appellee's Mother.

Upon the return of the appellant from the Mississippi State Hospital approximately one month later, she demanded that the appellee surrender the ring to her, and upon her request being denied, she instituted this replevin suit.

On the trial, the appellant was asked the following questions: Q. "That was going to be the settlement of the estate of all the property in the house; is that right?" A. "Yes, sir." Q. "State whether or not this was a complete settlement, as regards the personal property, between you and these girls." A. "Yes." The appellant was further asked: Q. "Mrs. Pittman, when you were discussing the ring, there was no agreement about the ring, was there?" A. "Certainly there was. They went ahead and accepted everything else I gave them as final."

The appellee as defendant in the circuit court offered no testimony at the trial. We are of the opinion that the court erred in directing a verdict for the defendant at the conclusion of the plaintiff's case because there was no evidence whatever to contradict plaintiff's testimony and that of her witnesses to the effect that there had been a voluntary distribution or partition of the personal property and effects in the house of the appellant in April or May of 1947, following the death of Dr. Pittman, and which distribution had been recognized by the parties for a period of more than eleven years prior to the filing of this suit on September 3, 1958.

■■ ■ In the case of Fore v. Alabama & Vicksburg Railway Company, 87 Miss. 211, 39 So. 493, the Court stated: "Action by jury is a right where the litigant presents testimony which if true, 'fairly tends to prove the case.' * * * Peremptory charges should be given only where the evidence, taken as absolutely true, and

might be so found by the jury, establishes no legal right or fails to maintain the issue.''

In 21 Am. Jur., p. 540, it is stated: ''Moreover it has been held that the adult heirs, laboring under no disability, may contract with reference to the distribution of personal property where the rights of creditors are not involved, even as against an administrator.''

Again in 40 Am. Jur., p. 14, it is stated: ''Voluntary partition is that made by the owners by mutual consent. It is effected by mutual conveyances or releases to each person of the share which he is to hold, executed by the other owners. It is well settled that persons interested in land, as owners, being cotenants, may, by consent and agreement among themselves, bona fide, make a division thereof so as to sever their interests, and thereupon, waiving the ordeal of trial by proof in court as to title, procure a deed of partition.

''A voluntary partition is presumed to be valid.''

Moreover, there may be an oral partition even as to land where the tenants-in-common enter into the possession and occupancy of that which has been allocated to them respectively under an oral partition agreement. Pipes v. Buckner, 51 Miss. 848; Wildey v. Moses H. Bonney's Lessee, 31 Miss. 644.

We think that it was a question for the jury as to whether or not, in the agreement for a division of certain personal property after the death of Dr. Pittman, the appellee and her sisters understood that when the appellant agreed for them to have all of the property on the list that they were discussing, except the sewing machine and the ring, and that these two last mentioned items were to be retained by appellant as her portion of the items in question, and that this is especially true since the record fails to disclose that the appellee ever thereafter questioned the right of the appllant to the ring between the month of April or May 1947 and until the appellant was unconscious in the hospital during the year

1958. We have therefore concluded that the case should be reversed and remanded for a new trial in order that a jury may determine the sufficiency of the proof as to whether or not the agreed settlement as to the division of the personal property included the diamond ring in question. In other words, we think that the plaintiff in replevin made a prima facie case in view of the uncontradicted testimony as to the agreement for a division of the personal property discussed at the meeting in the home of the appellant when both parties were represented by their attorneys in the conference held for that purpose.

We also think that the affidavit in replevin and the declaration in replevin are sufficient as a matter of pleading to have enabled the plaintiff to present her case on the theory hereinbefore discussed, since no pleadings are required in a replevin suit other than the affidavit in replevin, the declaration, and the plea of not guilty.

Reversed and remanded.

*Hall, Arrington, Ethridge* and *Gillespie, JJ.*, concur.