BARNES, J.,
DISSENTING:
¶15. To the extent that the engagement ring was a conditional gift given in contemplation of marriage, as determined by the chancellor, I disagree that Tucker is entitled to the return of the ring under these circumstances. A review of basic contract principles is sufficient to establish that Tucker, who prevented the completion of the condition by breaking off the engagement, excused that condition and is not entitled to benefit from his action.[1] Therefore, I respectfully dissent from the majority’s opinion and would reverse and render the court’s judgment on this particular issue.
¶16. The Mississippi Supreme Court has explained: “Where a contract is performable on the occurrence of a future event, there is an implied agreement that neither party will place any obstacle in the. way of the happening of such event, and where a party is himself the cause of the failure he cannot rely on such condition to defeat his liability.” Garner v. Hickman, 733 So.2d 191, 195 (¶ 16) (Miss.1999) (citing Warwick v. Matheney, 603 So.2d 330, 337 (Miss.1992) (overruled on other grounds)). More recently, this Court reiterated: “There exists a ‘principle of fundamental justice that if a promisor is himself the cause of the failure of performance, either of an obligation due him or of a condition upon which his own liability depends, he cannot take advantage of the failure.” Fairchild v. Bilbo, 166 So.3d 601, 607 (Miss.Ct.App.2015) (citing Morris v. Macione, 546 So.2d 969, 971 (Miss.1989)). Under this “doctrine of prevention,” “when a party to a contract causes the failure of the performance of an obligation due, [he] cannot in any way take advantage of that failure.” 13 Williston on Contracts § 39.3 (4th ed. 2013). Moreover, the doctrine of prevention “provides that when a promisor wrongfully prevents a condition from occurring that condition is excused.” Mendoza v. COMSAT Corp., 201 F.3d 626, 631 (5th Cir.2000); see also Willi-ston on Contracts § 39.4 (“If a promisor prevents or hinders the occurrence or fulfillment of a condition to the duty of performance, the condition is excused.”).
¶17. Here, Tucker’s unilateral decision to terminate the engagement to Cooley prevented the condition from being fulfilled, thereby excusing the condition. As argued by Cooley’s counsel at the hearing:
[I]f the agreement is not performed because of a breach by the donor, which in this case is [Tucker], the donor should not benefit from that breach by regaining the ring.
If they’re taking the position that the marriage was a condition precedent but yet they break the condition precedent, how can the law condone that[?] There’s nothing Ms. Cooley can do. Will you marry me, yes. He gives her the ring. They live together three years, as we *478 would say as husband and wife. And then he breaks off the engagement. He cuts off the condition precedent that he’s now trying to rely on to get the ring back.- How is that equitable? It’s not.
¶18. I further find Johnson v. Collins, 419 So.2d 1029 (Miss.1982), the cáse cited by both the chancellor and the majority to support their findings, distinguishable from the present case. In Johnson, a party’s death prevented the completion of the condition (divorce). Id. at 1031. “The rule that nonperformance by one party to a contract is excused if the other party hinders or prevents the performance or makes it impossible applies only if the failure to perform was. not caused by the preventing party’s own inability to perform.” 13 Williston on Contracts at § 39.8 (emphasis added); see also Creek Ranch Inc. v. New Jersey Tpk. Auth., 75 N.J. 421, 383 A.2d 110, 116 (1978) (“If the promisee could not or would not have performed the condition, or it would not have happened whatever had been the promisor’s conduct, the condition is not excused.” (citing 5 Williston on Contracts § 677, at 231-32 (3d ed. 1957))). As Johnson was deceased, he was unable to perform under the contract.
¶19. The chancery court observed that “neither party was at fault for [the relationship’s] demise.” And while I sympathize with the chancery court’s public-poli'cy reasoning — that Tucker should not be “penalized” for realizing that marriage to Co'oley would be imprudent — and with Tucker’s testimony that he felt that Cooley pressured him into proposing, a $40,000 promise to enter into marriage should have been regarded by Tucker with gravity and with due consideration given to the potential outcome, especially in light of his testimony that the relationship was “rocky.” Since Tucker broke off the engagement, making it impossible for the condition (marriage) to be fulfilled, I would reverse and render the chancery court’s judgment on this issue, awarding the engagement ring to Cooley.
GRIFFIS, P.J., AND JAMES, J., JOIN THIS OPINION; CARLTON, J„ JOINS IN PART WITH OPINION.
CARLTON, J.,
DISSENTING:
¶20. I respectfully dissent from the majority opinion.[2] I would reverse and remand.
¶21. In this replevin action, the chancellor erroneously held that the ring constituted a conditional gift, and that since Tucker and Cooley failed to fulfill the condition of marriage, Cooley was not entitled to keep the ring. Mississippi precedent reflects that in actions for wrongful breach of the promise to marry, our courts apply contract principles, not the law of conditional gifts. See Carney v. McGilvray, 152 Miss. 87, 87, 119 So. 157, 160 (1928). Under Mississippi precedent, the ring is given as consideration for the promise to marry, and a contract is formed upon agreement of the other party to marry. Id. Our supreme court has further held that “where a woman in good faith enters into a marriage contract with a man, and he fails to fulfill his promise, she may maintain an action for damages against him for breach of promise,” and is “entitled to recover for mental anguish, mortification, humiliation, and loss of health resulting from such breach, in addition to actual pecuniary loss sustained thereby.” Ashley v. Dalton, 119 Miss. 672, 81 So. 488, 488 (1919).[3]
*479 ¶22. Many states have legislatively enacted statutes limiting or abolishing the action of breach of contract to marry and have legislatively abolished the right to recover noneconomic damages in such actions. See Rebecca Tushnet, Rules of Engagement, 107 Yale L.J. 2583, 2593 (1998). In so doing, many states have adopted a no-fault approach to recovery of gifts, such as engagement rings, as conditional gifts. Id. However, Mississippi has not adopted a no-fault conditional-gift approach. As stated, in an action for breach of the promise to marry in Mississippi, the applicable jurisprudence holds that the ring is given as consideration for. the promise to marry, and then a marriage contract is formed upon agreement of the other party to marry. See Carney, 152 Miss. at 87, 119 So. at 160; Wion v. Henderson, 24 Ohio App.3d 207, 494 N.E.2d 133, 134 (1985) (finding that “absent an agreement to the contrary[,] an engagement ring need not be returned when the engagement is unjustifiably broken by the donor”). Thus Tucker must show, under Mississippi precedent applying contract-law principles, that he is entitled to possession of the ring in this replevin action.[4] See Miss. Code Ann. § 11-37-101 to -157 (Rev. 2012) (Mississippi re-plevin statutes).
¶23. Additionally, the chancellor must apply the appropriate legal standards and Mississippi precedent in determining if Tucker met his burden of proof to show that he is entitled to possession and return of the engagement ring under Mississippi precedent of contract-law principles applicable to wrongful breach of the promise to marry.[5] “The burden of proving the right *480 to the immediate possession of the property sought to be recovered, is upon the plaintiff in a replevin action.”[6] Robinson v. Friendly Fin. Co. of Biloxi, 241 Miss. 239, 243, 130 So.2d 256, 257 (1961). “Where property is found in the possession of the defendant, the plaintiff should prove his right to the possession of the property by competent evidence.” Hinman v. Sabin, 147 Miss. 509, 509, 112 So. 871, 871 (1927).
¶24. Based upon the foregoing, I would reverse and remand because the trial court applied an erroneous legal standard. Tucker must prove his right to immediate possession of the ring in accordance with the law of breach of the promise to marry, not the law of conditional gifts.
BARNES AND JAMES, JJ., JOIN THIS OPINION IN PART.

. Mississippi appellate courts have not addressed this precise factual situation until now. Furthermore, as the parties observe, there is a split of authority in other jurisdictions on how to resolve these cases. I find it unnecessary, however, to delve into the holdings of the various other jurisdictions, except to note that the traditional, common-law approach is to determine who was at fault for breaking off the engagement, but the modem trend in some jurisdictions is to apply a non-fault-based approach. See 23 Williston on Contracts § 62:28 (4th ed. 2002). This modem approach was employed by the chancellor here — concluding that the ring is a conditional gift, and the donor is entitled to ownership of the gift once the condition (marriage) is not satisfied, with no consideration of who was at fault in ending the relationship. In my view, the case can, and should, be determined under basic contract principles.

. See Carney v. McGilvray, 152 Miss. 87, 87, 119 So. 157, 160 (1928).

. The damages consider the loss of the opportunity to marry and damage to reputation. See generally Rebecca Tushnet, Rules of Engagement, 107 Yale L.J. 2583, 2593 (1998) (discussing various treatments by different states of return, of gifts given in contemplation of *479 marriage and of actions for damages for breach of promise to marry); see also Belm v. Patrick, 109 Cal.App. 599, 293 P. 847, 850 (1930) (addressing mitigation of damages for discovery of unbecoming conduct of betrothed as cause of breach of the promise to marry); Carney, 152 Miss. at 87, 119 So. at 158 (In determining breach of promise to marry, the court acknowledged that one party’s conduct could rise to the level of being "sufficiently immodest and wrongful to relieve defendant from carrying out contract.”).

. In her law-journal article Rules of Engage"ment, Rebecca Tushnet explained:
In early American law, women could recover damages when men promised marriage and then reneged; the action was known simply as "breach of promise,” Early breach-of-promise cases were mainly about responding to the financial harms of a broken engagement, but the action was recon-ceptualized over time as one centering around emotional wounds. By the beginning of the twentieth century, recoverable damages included the loss of the benefits a woman would have received from marriage, her loss of a chance to marry someone else, and the emotional harm she suffered from the broken engagement, giving rise to the popular name for the resultant lawsuits — heartbalm suits.
See Tushnet, at 2586. Tushnet’s article also provides:
Breach of promise was not just about love, but also about lost economic chances, and often the damages included compensation for loss of virginity or for pregnancy from premarital sex. These consequential and expectation damages were based on the effect of the broken engagement on the plaintiff’s social standing or her chances to marry another[.]
Id. at 2592. The facts in the case before us show that Cooley moved into Tucker’s home prior to marriage and the two engaged in premarital relations and cohabitation before breaking off the engagement.

. See Miss. Code Ann. § 11-37-125 (Rev. 2012) (replevin trial and hearing to determine rights of parties to possession). Compare Hung Kwong Leung v. Law, 247 So.2d 695, 697 (Miss.1971) (in replevin action, court found substantial evidence supporting lower court's judgment : that defendant possessed and wrongfully kept jeweliy from plaintiff); Pittman v. Goudelock, 237 Miss. 543, 549, 115 So.2d 303, 306 (1959) (in replevin suit for diamond ring, jury question was raised by evidence as to whether agreement was entered for division of property); Stewart v. First Nat’l Bank & Trust Co. of Vicksburg, 192 Miss. 355, 355, 5 So.2d 683, 683 (1942) (in replevin *480 action to recover possession of ring and automobile, fact that items were gifts to defendant became affirmative defense); Lee v. Patterson, 92 Miss. 357, 357, 45 So. 980, 981 (1908) (determining in replevin action that widow was entitled to ring. as wife of decedent).

. Note, the replevin statutes may be "supplemented only by so much of the [Mississippi Rules of Civil Procedure] as are not inconsistent with those statutes.” Hall v. Corbin, 478 So.2d 253, 256 (Miss.1985). "To fall within pendent or ancillary jurisdiction, the intruding claim must arise out of the same transaction or occurrence as the principal claim or ... out of a common nucleus of operative fact.” Id. at 255.