UNION TRUST & SAVINGS BANK v. TYLER.

1. GIFTS—BANKS AND BANKING—DEPOSIT.

Testimony that deceased, a depositor of complainant, caused one of the officers of the bank to write upon her bankbook that in case of her death the deposit should be paid to her daughter, and before her death sent for the daughter and told her she had something to give her, and the bankbook was in the possession of the daughter after the parent's death, together with testimony that she had stated her daughter could draw the money after her death and she had divided up her estate, sufficiently supports the finding that the mother intended to give the daughter the deposit.

2. SAME—WILLS—ESTATES OF DECEDENTS.

The indorsement of the intention of deceased to transfer the bank account to her daughter at her death, was a testamentary disposition ineffectual to transfer title.

3. SAME—EVIDENCE—PRESUMPTION.

Mere possession of the book by the daughter raises no presumption of title.

4. SAME—PARENT AND CHILD.

Evidence of a gift from a parent to a child need not be conclusive.

5. SAME.

Less positive and unequivocal testimony is required to establish the delivery of a gift from parent to child than in other cases, and in case no fraud or undue influence is suggested, slight evidence will suffice.

6. SAME—DEPOSIT.

A depositor in a bank may effect a gift of the deposit by delivering to the donee the passbook with intent to transfer the fund.

Appeal from Genesee; Wisner, J. Submitted April 13, 1910. (Docket No. 81.) Decided June 6, 1910.

Bill of interpleader by the Union Trust & Savings Bank against John H. Tyler, administrator of the estate

161 MICH.—36.

of Esther Hynan, deceased, and Catherine Gordon to determine the title to certain money. From a decree for defendant Gordon, defendant Tyler appeals. Affirmed.

*Brown, Farley & Selby* and *John H. Tyler*, for appellant.

*Clinton Roberts*, for appellee.

Esther Hynan, deceased, for many years prior to her death, had a savings account with complainant's bank. She died September 4, 1908, leaving several heirs, and among them defendant Catherine Gordon, her daughter. Some time in the year 1906 deceased took her bankbook to complainant, an officer of which, at her request, wrote upon the book the following words:

"In the event of her death, this account is payable to her daughter, Catherine Gordon."

A similar entry was made upon the account in complainant's books. Early in August, 1908, deceased, being very ill, sent for her daughter, who, with her husband, went at once to the home of deceased. Upon their arrival, the husband testifies that they found deceased much out of breath, and fanning herself; that deceased said to her daughter:

"I thought you would never get here. I have something I want to give you."

The husband did not see deceased give the bankbook to his wife, but it was shown him by his wife a few days later, but before Esther Hynan's death, and it was shown by both of them to the complainant bank before that event transpired. In a conversation had by deceased with one Elizabeth Rankin, an old friend, after the visit testified to by the husband, and about a week before her death, deceased said she had divided her property among her children; that she had it fixed up so it would be unnecessary to probate, and that she thought she had got it all right so that Kitty (appellee) would draw the money.

Both defendants having made demand upon complainant for the money deposited, it filed its interpleader bill. Each defendant answered, claiming the fund, Tyler, as administrator of the estate of Esther Hynan, and Catherine Gordon, as donee of a gift made to her by Esther Hynan in her lifetime.    From a decree in favor of defendant Gordon, defendant Tyler appeals.

BROOKE, J. (*after stating the facts*).    It is urged by appellant, and we do not understand it to be questioned by appellee, that the indorsement upon the bankbook was testamentary in character, and wholly inoperative to convey any interest in the fund, because lacking in all the statute formalities relative to the execution of a will. There is no doubt that appellee can take nothing by virtue of the writing.    We think it may be considered, however, as bearing upon the intention or desire of deceased to possess her daughter of this fund at the time of her death. At the time the indorsement was made, it is evident that deceased intended to retain possession and control of the deposit during her lifetime, but supposed that the indorsement would empower her daughter to draw the money after her death.    Less than a month before her death, the book (without which the money cannot be drawn) passed from the possession of the deceased into the possession of her daughter.    The evidence of a gift from the mother to the daughter is neither very clear nor very satisfactory. It is apparent that no one, except the parties, was present at the moment the transfer was made, and the daughter's lips are sealed as to what occurred.    We are, however, of the opinion that, meager as the proof of a gift is, it is still sufficient to support the inference drawn by the circuit judge that Esther Hynan, in her lifetime, gave to the defendant Catherine Gordon the bankbook evidencing the deposit, with the intention of conferring upon her daughter a present ownership in the fund.

It may be conceded, as claimed by appellant, that the mere possession of the book by the daughter raises no

presumption of ownership, but we think that the possession of the book, coupled with the mother's statement to the daughter, in the presence of her husband, and the further statement of the mother to the witness Rankin, that she had fixed the matter so her daughter could get the money, indicates that the mother was unwilling, death being near, to have the daughter's right to the deposit rest upon the writing, and therefore gave her the book, and with the book the deposit represented thereby. It must be borne in mind that for two years or more deceased had intended the deposit to go to her daughter at the time of her own death, and that at the time the daughter gained possession of the book the mother was very ill, and clearly expecting to die in the near future. Conclusive evidence of a gift from parent to child is not necessary.

In the case of *Love* v. *Francis*, 63 Mich. 181 (29 N. W. 843, 6 Am. St. Rep. 290), this court said:

"It requires less positive and unequivocal testimony to establish the delivery of a gift of a father to his children than it does between persons not related, and in cases where there is no suggestion of fraud or undue influence very slight evidence will suffice."

See, also, *Ellis* v. *Secor*, 31 Mich. 185 (18 Am. Rep. 178); *Thatcher* v. *St. Andrews' Church*, 37 Mich. 264, and *Bangs* v. *Browne*, 149 Mich. 478 (112 N. W. 1107), and cases there cited.

That a valid gift of the money deposited in a savings bank may be effected by the delivery, to the donee, of the depositor's passbook, with intent to give the donee the deposit represented by it, is settled law. See 20 Cyc. p. 1239, where the authorities from the various States are collected. *Reed* v. *Whipple*, 140 Mich. 7 (103 N. W. 548); *State Bank of Croswell* v. *Johnson*, 151 Mich. 538 (115 N. W. 464).

The judgment is affirmed, with costs.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.