## JONES v. JONES.

(Division A. March 7, 1932.)

[139 So. 873. No. 29849.]

**J. H. Ford,** of Houston, for appellant.

C. A. Bratton, of Pontotoc, for appellee.

**Smith C. J.**, delivered the opinion of the court.

The parties hereto are husband and wife, who disagreed and separated. The husband sued out a writ of replevin against the appellee, his wife, by which he seeks to recover the possession of several head of live stock and a lot of household furniture, including a sewing machine, an organ, and a cooking stove. The appellee gave bond for the property, and it was left in her possession. Afterwards she surrendered most of it to the officer who made the levy, and he delivered it to the appellant.

When the case came on for trial, counsel for the parties seemed to understand—though the record does not disclose for what reason—that the appellee only intended to claim, of the property sued for, two cows and their calves, the sewing machine, the organ, and a cooking stove. The right to the possession by the appellant of the other property included in the writ is not clear from the evidence, but the case seems to have proceeded on the theory that he was entitled thereto.

The jury found for the appellee for the two cows and their calves, the sewing machine, and the organ, and a judgment awarding her the possession thereof was rendered. Neither the verdict nor judgment refers to the other property sued for. As hereinbefore stated, the appellee after giving bond for all the property returned some, but not all of it, to the officer who made the levy. The appellant offered, but was not permitted, to prove the rental value of a mule and a horse included in the live stock sued for; the evidence was excluded on the ground that it was speculative. We presume that by this was meant that the appellant did not sufficiently

show that he knew what the rental value was. The evidence was sufficient, and should have been admitted, its value being for the jury.

One of the appellant's contentions is that appellee, by the surrender of the property after she had given bond therefor, waived any further right to possession thereto. This contention is without merit. The appellee need not have given bond at all, in which event the property would have remained in the possession of the officer making the levy, unless a bond therefor had been given by the appellant. We are not called on to decide whether the appellee had the right to surrender the property to the officer after bonding it, but his accepting it does not preclude her from asserting the right to the possession thereof.

The property awarded the appellee was admittedly purchased by the appellant, and the appellee's claim thereto is that it was given to her by him. This being an affirmative defense, the burden of proving it was on the appellee. The evidence introduced by her in support of this claim is simply that when the appellant bought the property he gave it to her, and was as follows:

"Q. When he bought that cow there tell the jury whom he gave it to? Objected to. Objection overruled. Counsel except. A. He gave it me."

Another similar question and answer covers the other cow and calf.

"Q. About the Singer sewing machine, tell the jury about that? A. He bought it for me,—he said he did.

"Q. Did he give it to you? A. Yes, sir.

"Q. What about the organ? A. He bought it and turned it over to me. He said he bought it for me and Myrtle, my daughter."

The appellee also testified that the cows and sewing machine "were used for general family use."

Leaving out of view the character of questions by which this evidence was obtained, it is insufficient to

show a gift from the appellant to the appellee. In order for a gift to be proved, it must not only appear that the donor intended to make the gift, but consummated it by an actual, constructive, or symbolical delivery of the property to the donee. The "mere declarations of the owner that he has made the gift, unaccompanied by acts showing the delivery of possession, or an absolute parting with all dominion and interest, are not sufficient to render the gift valid." Wheatley v. Abbott, 32 Miss. 343. "The rule as to delivery is not strictly applied to transactions between members of a family living in the same house, the law in such cases accepting as a delivery acts which would not be so regarded if the transactions were between strangers living in different places. It is not required that the thing given should be removed from their common residence. It is sufficient, if it clearly appears that the donor has relinquished, and the donee has acquired, all dominion over and control of the property, but even in such cases there must be something to show that the gift was completed." 28 C. J. 638; Carradine v. Collins, 7 Smedes & M. 428; Young v. Young, 25 Miss. 38; Wheatley v. Abbott, 32 Miss. 343.

The evidence here is simply that the appellant gave the property to the appellee: but by what words or acts he manifested an intention to make the gift does not appear. Assuming, as counsel do, that the appellant proved that he was entitled to the possession of the property for which the appellee gave bond and did not afterwards return to the officer, he was entitled to a verdict and judgment therefor.

Reversed and remanded.