## LAMB v. COLLINS.

### No. 1760.

Court of Civil Appeals of Texas. Waco.

April 2, 1936.

L. W. Shepperd, of Groesbeck, for appellant.

A. M. Blackmon, of Groesbeck, for appellee.

ALEXANDER, Justice.

Mrs. Mary Collins purchased a new automobile and delivered same to F. E. Lamb. She testified that she intended that he should have the use and possession of the automobile until she could build a garage. About two months later, when she demanded possession of the automobile, he refused to deliver it to her, claiming that she had given it to him. She sued for possession of the automobile. A trial before a jury resulted in judgment in favor of plaintiff. The defendant appealed.

The court submitted but one issue to the jury, which issue was as follows: "Do you find and believe from a preponderance of the evidence in this case, that the plaintiff, Mrs. Mary Collins intended, on August 20th, 1934, to make to defendant, F. E. Lamb, an absolute gift of the automobile in question, as that term has been herein explained to you?" To which the jury answered: "No."

As a preliminary to the submission of the above issue, the court charged the jury as follows:

"A 'gift' of a chattel is consummated, when the donor, or owner of the chattel, intentionally divests himself of all title to, and future right of control thereof, without consideration, and delivers same over to the donee, with the then intent to there-

by vest in the donee the absolute title thereto and the unrestricted right to the future possession and use thereof.

"There can be no gift of property without a present intent on the part of the giver, to then and there renounce all title to, interest in, as well as any and all right to the future possession, or use, of the property in question."

The last above quoted portion of the charge was objected to on the ground that it was a general charge. We are of the opinion that the charge, and particularly the last paragraph thereof, is subject to the criticism above referred to. It is an instruction on the law applicable to the case generally, and in a manner not necessary to a determination of the issue submitted to the jury. The following authorities will illustrate the error above referred to: Winters Mut. Aid Ass'n v. Reddin (Tex.Com.App.) 49 S.W.(2d) 1095, par. 10; Texas & P. Ry. Co. v. Perkins (Tex.Com.App.) 48 S.W.(2d) 249, par. 7; Solo Serve Co. v. Howell (Tex.Civ.App.) 35 S.W.(2d) 474; Reliance Ins. Co. v. Nichols (Tex.Civ.App.) 56 S.W.(2d) 479; Powell Salt Water Co. v. Bigham (Tex. Civ.App.) 69 S.W.(2d) 788.

In view of another trial, we deem it proper to suggest that the court's charge does not make it clear as to who has the burden of proof. The evidence was undisputed that plaintiff bought and paid for the automobile, and defendant's only claim thereto was by virtue of an alleged gift to him by plaintiff. The burden of proving the gift was on the defendant, the alleged donee. 21 Tex.Jur. 56; 28 C.J. 669, 670; Hunt v. Garrett (Tex.Civ.App.) 275 S.W. 96, reversed in part on other grounds (Tex.Com.App.) 283 S.W. 489; Jones v. Jones, 162 Miss. 501, 139 So. 873, par. 2; First Nat. Bank v. Rutherford Trust Co., 109 N.J.Eq. 265, 157 A. 142; Dover Co-Operative Bank v. Tobin's Estate, 86 N.H. 209, 166 A. 247; Bolton v. Bolton, 306 Ill. 473, 138 N.E. 158, par. 9.

The above quoted issue as submitted by the court was so framed as to properly place the burden of proof on the defendant. City of Dallas v. Firestone Tire & Rubber Co. (Tex.Civ.App.) 66 S. W.(2d) 729, par. 10. However, as a preliminary to the submission of said issue, the court charged the jury as follows: "The burden of proof is upon the plaintiff in this cause to establish her cause of action by a preponderance of the evidence." This charge, in addition to being objectionable as a general charge as held by the Commission of Appeals in Gilmer v. Graham, 52 S.W.(2d) 263, par. 3, had the effect of improperly placing the burden of proof on the plaintiff. This error should be avoided upon another trial.

Because of the error above pointed out, the judgment of the trial court is reversed, and the cause remanded for a new trial.