STEWART *v.* FIRST NAT. BANK & TRUST CO. OF VICKSBURG.

(In Banc. Jan. 26, 1942.)

[5 So. (2d) 683. No. 34769.]

Culkin, Laughlin & Thames and R. M. Kelly, all of Vicksburg, for appellant.

Albert M. Bonnelli and Brunini & Brunini, all of Vicksburg, for appellee.

Alexander, J., delivered the opinion of the court.

Appellee as executor of the estate of S. T. Woodson, deceased, brought suit in replevin against appellant to recover possession of a diamond ring and an automobile. To the allegation of the executor that these items were property belonging to the estate, the appellee set up as a defense that they had been given to her by the said Woodson before his death.

Testimony for the executor included a bill of sale to Woodson for the automobile dated one month prior to his death, also the quoted statement of appellee that her title to both items was derived from Woodson by gift. Appellant concedes that this property had belonged to Woodson and bases her claim and defense upon the validity of the alleged gift. She offered no evidence although the testimony for plaintiff upon the trial disclosed that she insisted that her claim could be substantiated by three witnesses.

Appellee met the initial burden of showing that the property belonged to Woodson, and unless his title thereto had been divested by gift the executor was entitled thereto. The fact of the gift became an affirmative defense and the burden of establishing same devolved upon appellant as the alleged donee. Stewart v. Graham, 93 Miss. 251, 46 So. 245; Jones v. Jones, 162 Miss. 501, 139 So. 873; Lamb v. Collins, Tex. Civ. App., 93 S. W. (2d) 490; 24 Am. Jur., Gifts, Sec. 115; 28 C. J. 670. Every element requisite to constitute a gift must be shown (Jones v. Jones, supra), and when such claim is asserted after the death of the alleged donor, it must be sustained by clear and satisfactory proof, 24 Am. Jur., Gifts, Sec. 133. Appellant offered no testimony to meet this burden and her claim cannot be aided by any presumption of gift based upon the mere fact of possession. Fouts v. Nance, 55 Okl. 266, 155 P. 610, L. R. A. 1916E, 283; Maxler v. Hawk, 233 Pa. 316, 82 A. 251, Ann. Cas. 1913B, 559; Haldeman v. Martin, 205 Iowa 302, 217 N. W. 851; Union Trust & Savings Bank v. Tyler, 161 Mich. 561, 126 N. W. 713, 137 Am. St. Rep. 523; Yardum v. Evans, 120 Neb. 699, 235 N. W. 85; 24 Am. Jur., Gifts, Sec. 115; 28 C. J. 669.

At the conclusion of plaintiff's testimony, both sides rested their case and each requested a directed verdict. The trial court directed judgment for the plaintiff, appellee here. This was correct.

Affirmed.