381 So.2d 1338 (1980)
In the MATTER OF the Last Will and Testament of Gussie COLLIER, Deceased.
Hilda SHAPERO, County Administrator, Administratrix, C.T.A.,
v.
GUARANTY BANK & TRUST COMPANY and Wilma Franklin.
No. 51760.
Supreme Court of Mississippi.
April 2, 1980.
James T. Bridges, Belzoni, for appellant.
Farese, Farese & Farese, John Booth Farese, Ashland, for appellees.
Before SMITH, P.J., and SUGG and BOWLING, JJ.
*1339 SUGG, Justice, for the Court:
The question in this case is whether a certificate of deposit should be included *1340 among the assets of the estate of Gussie Collier, deceased.
The administratrix filed an action in the Chancery Court of Humphreys County to determine the ownership of the certificate of deposit in question and named as respondents Guaranty Bank & Trust Company of Belzoni and Wilma Franklin. The certificate of deposit was for $4600 and was issued by the Bank on February 14, 1975, payable "To the order of Gussie Collier P.O.D. to Wilma Franklin."
The Bank filed an answer in the nature of a bill of interpleader admitting that it held the proceeds of the certificate and would pay the proceeds as directed by the court upon surrender of the certificate to it. Wilma Franklin filed an answer to the petition and requested that the court adjudicate her to be the owner of the certificate. In her answer, she did not assert as an affirmative defense that Gussie Collier had given the certificate to her.
Gussie Collier died on December 31, 1977, leaving a will dated January 13, 1970. She devised her house and lot to her son, Roosevelt Jackson, and her sister, Wilma Franklin, as joint tenants with right of survivorship. She bequeathed her personal property to her son, one-half of her money to her son, and the other one-half to her three stepchildren.
Mary Carter, cashier of the bank, testified that the abbreviation P.O.D. on the certificate meant payable on death. The interest on the certificate was payable annually and had been paid to Gussie Collier during her lifetime. This witness stated that she delivered the certificate in May, 1977, to Wilma Franklin at the request of Gussie Collier. Wilma Franklin testified over objection that the certificate was given to her by Mary Carter, an officer of the bank, before the death of Gussie Collier.
The trial court held that a valid gift of the certificate was made to Wilma Franklin before the death of Gussie Collier and was not a part of the estate of Gussie Collier.
The administratrix argues that the evidence is not sufficient to show that Gussie Collier made a valid gift inter vivos of the certificate to Wilma Franklin.
Our cases hold that the following requirements are necessary to constitute a gift inter vivos. There must be a donor competent to make a gift, a voluntary act on the part of the donor with intention to make a gift, the gift must be complete with nothing left to be done, the property must be delivered by the donor and accepted by the donee, and the gift must be irrevocable. Thomas v. Eubanks, 358 So.2d 709 (Miss. 1978); Longtin v. Witcher, 352 So.2d 808 (Miss. 1977); Jenkins v. Jenkins, 278 So.2d 446 (Miss. 1973); McLean v. Green, 258 So.2d 247 (Miss. 1972), and cases cited therein.
Mary Carter and Wilma Franklin were the only two witnesses who testified in this case. Mary Carter testified that Gussie Collier left the certificate at the bank in a plain envelope for safekeeping and that Gussie Collier directed her to deliver it to Wilma Franklin. The attorney for the administratrix asked the witness, "What was Gussie Collier's instructions to you when she told you to deliver it to Wilma Franklin?" An objection to the question was interposed, the question was withdrawn, so there is no testimony of any instructions Gussie Collier may have given the witness.
Wilma Franklin testified that she was given the certificate by Mary Carter but this testimony was objected to as being incompetent under section 13-1-7 Mississippi Code Annotated (1972). This section, commonly referred to as the dead man's statute, prohibits a person from testifying as a witness to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such deceased person.
In Cockrell et al. v. Mitchell, 15 So. 41 (1894), this Court held that the testimony of a claimant that his father had given him personal property was incompetent under the statute because the father was dead at the time the testimony was proffered.
In Duling v. Duling's Estate, 211 Miss. 465, 52 So.2d 39 (1951), the Executor of the *1341 Estate of Lorena Duling petitioned the chancery court to adjudicate the ownership of the contents of her safe deposit box which had been leased by testatrix and her two brothers, Albert and Charles H. Duling. The safe deposit box contained $4,000 in cash, some souvenir spoons and "certain trinkets." Mary Louise Hutchins was named as one of the respondents and asserted her right to the contents of the safe deposit box claiming a gift from the testatrix. Albert and Charles Duling were also named as respondents and a joint answer was filed by Albert Duling and Kitty R. Duling, the widow and sole surviving heir of Charles Duling, who died after the petition was filed but before an answer was filed. The court held that the testimony of Albert Duling and Mary Louise Hutchins was properly excluded for the reason that Section 1690, Code of 1942 [Section 13-1-7 Mississippi Code Annotated (1972)] provides that a person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such deceased person.
We hold the testimony of Wilma Franklin should have been excluded because it was an attempt to establish her claim against the Estate of Gussie Collier which arose during Gussie Collier's lifetime. With the testimony of Wilma Franklin excluded, is the remaining evidence sufficient to support her claim of a gift inter vivos?
Under our cases, when it is shown that property belongs to a person and another claims the property by virtue of a gift from the owner, such claim is an affirmative defense, and the burden of proof is on the one who claims by gift. Further, when such claim is asserted after the death of the alleged donor, it must be sustained by clear and satisfactory proof. In Stewart v. First National Bank and Trust Co., 192 Miss. 355, 5 So.2d 683 (1942) we stated:
Appellee met the initial burden of showing that the property belonged to Woodson, and unless his title thereto had been divested by gift the executor was entitled thereto. The fact of the gift became an affirmative defense and the burden of establishing same devolved upon appellant as the alleged donee. Stewart v. Graham, 93 Miss. 251, 46 So. 245; Jones v. Jones, 162 Miss. 501, 139 So. 873; Lamb v. Collins, Tex.Civ.App., 93 S.W.2d 490; 24 Am.Jur., Gifts, Sec. 115; 28 C.J. 670. Every element requisite to constitute a gift must be shown (Jones v. Jones, supra), and when such claim is asserted after the death of the alleged donor, it must be sustained by clear and satisfactory proof, 24 Am.Jur., Gifts, Sec. 133. Appellant offered no testimony to meet this burden and her claim cannot be aided by any presumption of gift based upon the mere fact of possession. Fouts v. Nance, 55 Okl. 266, 155 P. 610, L.R.A. 1916E, 283; Maxler v. Hawk, 233 Pa. 316, 82 A. 251, Ann.Cas. 1913B, 559; Haldeman v. Martin, 205 Iowa 302, 217 N.W. 851; Union Trust & Savings Bank v. Tyler, 161 Mich. 561, 126 N.W. 713, 137 Am. St.Rep. 523; Yardum v. Evans, 120 Neb. 699, 235 N.W. 85; 24 Am.Jur., Gifts, Sec. 115; 28 C.J. 669. (192 Miss. at 358, 5 So.2d at 683, 684).
The administratrix met the initial burden of showing that the certificate of deposit belonged to Gussie Collier. After excluding the testimony of Wilma Franklin, the only evidence supporting her claim to the property by gift was that of Mary Carter who testified that she delivered the certificate to Wilma Franklin as directed by Gussie Collier. The witness did not state that Gussie Collier told the witness that she intended to make a gift of the certificate to Wilma Franklin but only to deliver the certificate to Wilma Franklin. In effect, we are asked to infer that Gussie Collier intended to make a gift to Wilma Franklin. This is not the only inference that can be drawn from the testimony. Equally plausible inferences are that Gussie Collier intended for the certificate to be delivered to Wilma Franklin either for safekeeping or to have Wilma Franklin in turn deliver the certificate to Gussie Collier. Also, the claim was asserted after the death of Gussie *1342 Collier, and, under our cases, must be sustained by clear and satisfactory evidence. Wilma Franklin did not meet this burden of proof. The evidence is devoid of any expression by Gussie Collier of an intention to make a gift of the certificate to Wilma Franklin. We decline to supply the necessary element of intent to make a gift by inference in this case because equally reasonable inferences may be drawn from the evidence negating an intent to make a gift. Accordingly, we hold a valid gift inter vivos was not established because Wilma Franklin failed to prove by clear and satisfactory evidence that Gussie Collier intended to make a gift of the certificate to her.
The certificate was issued after the Uniform Commercial Code was adopted and met the requirements of section 75-3-104 Mississippi Code Annotated (1972), thus making it a negotiable instrument. Thomas v. Eubanks, 358 So.2d 709 (Miss. 1978). All interest payments due on the certificate were made to Gussie Collier during her lifetime, and the certificate did not convey any present interest to Wilma Franklin. The words on the certificate, "P.O.D. to Wilma Franklin" are testamentary in character and constitute an attempt to make a negotiable instrument a will, thus requiring compliance with the statute governing execution of wills before the attempted testamentary disposition would be effective. Section 91-5-1 Mississippi Code Annotated (1972).
In cases involving the question of whether an instrument is a deed or a will when the instrument did not convey any present interest, we have held that such an instrument is inoperative to convey title unless executed in accord with the statute governing the execution of wills. We have numerous cases involving this question and the case of Buchanan v. Buchanan, 236 Miss. 751, 112 So.2d 224 (1959) summarizes our cases on the question. In Buchanan we stated:
An analysis of our cases on the subject indicates that the rule is that when an instrument purports to be a deed and is in the words and form of a deed and is acknowledged as such, it should be construed to be testamentary in character and inoperative as a deed of conveyance when, and only when, it affirmatively and clearly appears from the language of the instrument itself, giving due consideration to all its provisions, that it was the intention of the person signing it that the instrument itself would have no effect until his death. When the language employed is such that it is consistent with an intention to postpone the enjoyment of the interest conveyed or to vest the interest at a future date upon the happening of some event, the courts should not construe the instrument as testamentary in character and inoperative as a deed of conveyance. (236 Miss. at 756, 757, 112 So.2d at 227).
By analogy, the principle expressed in Buchanan applies to the present case. Wilma Franklin did not receive any present interest in the certificate when it was issued. During the lifetime of Gussie Collier, she was the only person who could negotiate the certificate. This, she did not do. It is patent that the designation "P.O.D. to Wilma Franklin," was an attempt to make a testamentary disposition of the certificate upon the death of Gussie Collier.
The chancellor, in his opinion, relied on Myers v. Laird, 230 Miss. 675, 93 So.2d 828 (1957) as controlling. Myers has no application to this case because the certificate of deposit involved there was payable in the alternative to Fannie B. Regan or Ellis Brumfield, her brother, and was delivered by Fannie B. Regan to her brother before her death. In the present case, the certificate was not payable in the alternative to two or more persons, so the possession of the certificate by Wilma Franklin, absent a valid gift from Gussie Collier, does not entitle Wilma Franklin to retain the certificate as her property under section 75-3-116 Mississippi Code Annotated (1972).

*1343 An instrument payable to the order of two (2) or more persons
(a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;
(b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.
For the foregoing reasons, we hold the certificate was not the property of Wilma Franklin, but was a part of the assets of the estate of Gussie Collier; therefore, we reverse and render.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.