DAN M. LEE, Justice,
for the Court:
This is an appeal from the Chancery Court of Lee County wherein Mary Virginia *1030 Johnson and Walter E. Collins, petitioners/appellants, co-executors of the estate of Allen E. Collins, filed a petition to compel Syvilla J. Reeves Collins, respondent/appel-lee, to deliver certain assets allegedly belonging to the decedent’s estate. The items sought in the petition consisted of silverware, furniture and two certificates of deposit totaling $28,000. Syvilla Collins, wife of the decedent, denied that the items sought in the petition belonged to decedent at the time of his death and therefore were not a part of his estate. Mrs. Collins asserted decedent had given the items to her as gifts during his lifetime. At the conclusion of the trial, the co-executors abandoned their claims to the silverware and furniture. The chancellor found that decedent had made a valid inter vivos gift to Mrs. Collins of the certificates of deposit. Prom a dismissal of their petition, the co-executors of the estate of Allen E. Collins appeal. We reverse.
Allen E. Collins and appellee were married November 26, 1976. They resided in appellee’s home until they separated in September 1980. Collins, in addition to some interest in real property, owned four certificates of deposit jointly with appellee in the following amounts: $15,000; $13,000; $10,-000 and $7,000.
In early 1980, Collins became ill and his condition steadily worsened. His attorney testified that Collins met with him on April 3, 1980, seeking advice on obtaining a divorce due to irreconcilable differences. Collins, in the latter part of June, met again with his attorney, advising him that an understanding between the parties had been reached. At this time, Collins asked his attorney to prepare a separation agreement whereby appellee would receive, among other things, certificates of deposit totaling $20,000. The final meeting between Collins and his attorney occurred in the latter part of July. At this time, Collins advised his attorney the separation agreement was acceptable except that ap-pellee wanted $28,000 instead of $20,000. Collins instructed his attorney to make this change, noting he had already transferred the $13,000 and $i5,000 certificates of deposit to appellee. Appellee, on the other hand, denied any knowledge of the separation agreement before August 5, 1980, when Collins brought the separation agreement and a new will home. Appellee testified that Collins told her they could use the agreement if they decided to get a divorce. Collins then signed the agreement.
In the early part of September, the parties separated. Collins was subsequently hospitalized. On November 4, 1980, appel-lee signed the separation agreement to protect her own estate. The remaining two certificates of deposit, which were still in appellee’s possession, were forwarded to Collins’ attorney. Collins died shortly thereafter on November 9, 1980.
The chancellor found that the transfer of the two certificates of deposit from decedent to appellee was an absolute gift which was not conditioned upon the obtaining of a divorce or any other contingency. The petition was therefore dismissed and a decree entered accordingly.
I. Did the chancellor err in finding that the transfer of the certificates of deposit was a valid inter vivos gift which was not conditioned upon the obtaining of a divorce by decedent?
In Matter of Collier, 381 So.2d 1338 (Miss. 1980), this Court reiterated the requirements necessary to constitute a valid inter vivos gift:
Our cases hold that the following requirements are necessary to constitute a gift inter vivos. There must be a donor competent to make a gift, a voluntary act on the part of the donor with intention to make a gift, the gift must be complete with nothing left to be done, the property must be delivered by the donor and accepted by the donee, and the gift must be irrevocable. Thomas v. Eubanks, 358 So.2d 709 (Miss.1978); Longtin v. Witcher, 352 So.2d 808 (Miss.1977); Jenkins v. Jenkins, 278 So.2d446(Miss.1973); McLean v. Green, 258 So.2d 247 [Miss.] 1972), and cases cited therein.
(381 So.2d at 1340)
*1031 Appellants contend that the transfer of the $28,000 in certificates of deposit was contingent or conditioned upon the obtaining of a divorce by the parties. Appellee argues that the transfer of the certificates of deposit was made to her prior to August 5, 1980, and that when decedent moved from her home in September 1980, he reaffirmed his intention of making a valid inter vivos gift to her of the certificates of deposit.
The separation agreement in the present case was clearly executed for the purpose of procuring a divorce. It states:
This Agreement entered into this day by and between ALLEN E. COLLINS, hereinafter called “Husband”, and SY-VILLA J. REEVES COLLINS, hereinafter called “Wife”;

Witnesseth:

Whereas, the parties are now separated and do not believe that a reconciliation of their differences is possible at this time; and
Whereas, said parties desire to resolve all questions of property rights in order that a Joint Bill of Complaint for Divorce may be later filed;
NOW THEREFORE, for an in consideration of the premises, and in consideration of the mutual promises of the parties, Husband and Wife do hereby enter into the following separation agreement:
The proof in the present case was overwhelming that the transfer of the certificates of deposit was not a voluntary act with the intention to make a gift but rather a transfer of property executed pursuant to a separation agreement prepared in contemplation of obtaining a divorce due to irreconcilable differences. The record reveals a continuous unbroken chain of events from April 3, 1980, whereby decedent consulted with his attorney about the obtaining of a divorce from appellee and the preparation of the necessary documents to obtain that result. Although appellee denied any knowledge of decedent’s consultation with his attorney before August 5, 1980, the evidence established a change was made in the separation agreement in July, increasing the amount appellee would receive thereunder from $20,000 to $28,000. A letter dated November 4,1980,[1] from appellee’s attorney confirmed that the property of appellee and Collins had been completely divided in accordance with the separation agreement. The letter also confirmed that the parties desired to obtain a divorce.
To constitute a valid gift inter vivos, the purpose of the donor to make the gift must be clearly and satisfactorily established. Raley, et al. v. Shirley, 228 Miss. 631, 89 So.2d 636 (1956). The burden was on appellee to prove every element requisite to constitute a valid inter vivos gift. Matter of Collier, supra. This she failed to do. The evidence failed to sustain by clear and satisfactory proof that the gift was a voluntary act on decedent’s part with the intention to make a gift and also failed to establish the gift was complete with nothing left to be done.
In our opinion, the learned chancellor was manifestly wrong in his finding that decedent made a valid inter vivos gift of the certificates of deposit to appellee. The transfer of the ownership of the certificates was conditioned upon the obtaining of a divorce which did not occur, due to Collins’ untimely death on November 9, 1980. It is undisputed by the parties that this condition or event did not occur; therefore, the gift must fail, because the gift was not complete with nothing left to be done.
Because appellee failed to prove all the essential elements necessary to constitute a valid inter vivos gift, this cause must be reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C. J., SUGG and WALKER, P.JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and PRATHER, JJ., concur.

. Appellee signed the separation agreement on November 4, 1980.