ISHEE, J.,
FOR THE COURT:
■ ¶1. In December 2011, Lawrence J. Tucker Jr. proposed marriage to Emily F. Cooley, and presented her with a diamond engagement ring. In November 2014, Tucker broke off the engagement. Thereafter, Cooley maintained possession of the ring despite Tucker’s requests to have the ring returned. Tucker filed a replevin action in the Lafayette County Chancery Court in February 2015 seeking return of the ring. After a trial on the merits, the chancery court ruled in favor of Tucker. In August 2015, the chancery court ordered Cooley to return the ring. Aggrieved, Cooley appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶2. Tucker and Cooley began dating in Aprii 2009. In the summer of 2010, Cooley relocated from Hattiesburg, Mississippi, to Oxford, Mississippi, and began cohabiting with Tucker in Tucker’s home. Tucker averred that the relationship was tumultuous. Tucker testified that after consistent requests from Cooley to become engaged, he believed an engagement would improve the relationship. Accordingly, Tucker proposed marriage to Cooley in December 2011.
¶3. Tucker presented Cooley with a ring upon asking her to marry him. The ring appraised at approximately $40,000.. Cooley accepted the proposal, and wore the ring continuously thereafter. Tucker immediately acquired insurance on the ring. He listed himself as the sole insured on the policy. Cooley was not referenced anywhere in the policy.
¶4. Tucker and Cooley could not agree, among other things, on the type of . wedding they desired. A wedding date was never chosen, nor were any wedding plans pursued. Tucker testified that the relationship remained troubled and without improvement following the engagement. Tucker also stated that he attempted to end the relationship numerous times in person, but that Cooley’s adverse reactions and threats to harm herself dissuaded him from pushing the issue. Tucker ultimately ended the relationship through an email in November 2014.
■ ¶5. Cooley moved out 'of Tucker’s house within a few days of receiving the email. Thereafter, Tucker requested that Cooley return the engagement ring. Cooley refused. After numerous failed attempts- to recoup the ring from Cooley, Tucker ultimately filed a replevin action in the chancery court seeking return of the ring.
¶6. A trial took place before the chancellor on May 21, 2015. Tucker and Cooley both testified. Cooley asserted that the ring was an inter vivos gift to her from Tucker. Tucker countered that the ring was a conditional gift, premised on the condition that he and Cooley would marry. On July 29,2015, the chancellor entered an order awarding Tucker possession of the ring. The chancellor determined that the ring was a conditional gift, and since Tucker and Cooley did not fulfill the condition of marriage, Cooley was not entitled to keep it. Cooley now appeals the chancery court’s judgment.
DISCUSSION
¶7. Our standard of review for analyzing chancery-court judgments is lim *476 ited. Buford v. Logue, 832 So.2d 594, 600 (¶ 14) (Miss.Ct.App.2002) (citing Reddell v. Reddell, 696 So.2d 287, 288 (¶ 1) (Miss.1997)). “We will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous, or applied an erroneous legal standard. Great deference is given to the chancellor as both finder of fact and trier of law.” Id.
¶8. Cooley asserts that the chancery court erred in its determination that the ring was a conditional gift rather than an inter vivos gift. The chancery court properly cited Johnson v. Collins, 419 So.2d 1029, 1030 (Miss.1982), as guidance on the elements of a valid inter vivos gift, which are as follows: “(1) a donor competent to make a gift[;] (2) a voluntary act of the donor with donative intent[;] (3) the gift must be complete with nothing else to be done[;] (4) there must be delivery to the donee[; and] (5) the gift must be irrevocable.” Id. (citation omitted).
¶9. In Johnson, the properties at issue consisted of certificates of deposit that were given on the condition that the recipient obtain a divorce. Id. at 1031. The supreme court determined that because the divorce did not occur, the gift was not a valid inter vivos gift “because the gift was not complete with nothing left to be done.” Id.
¶10. Likewise, the cases relied upon by Cooley, Lomax v. Lomax, 172 So.3d 1258 (Miss.Ct.App.2015), and Neville v. Neville, 734 So.2d 352 (Miss.Ct.App.1999), are also divorce cases that question which party should be awarded the engagement ring post-divorce. In both cases, we determined that the wife should keep the engagement ring because “it was not a marital asset subject to equitable division.” Lomax, 172 So.3d at 1262 (¶ 13) (quoting Neville, 734 So.2d at 357 (¶ 19)).
¶11. This is not inconsistent with the required elements in Johnson. The engagement ring is to be considered an inter vivos gift conditioned upon the parties getting married — a condition that, obviously, occurred in the cases cited by Cooley. Id. at (1111). Hence, in those cases, the Johnson requirements were met, including the element mandating that the gift be completed with nothing more to be done. Johnson, 419 So.2d at 1030.
¶12. Here, the chancellor ultimately determined that “[t]he engagement ring was a conditional gift presented in contemplation of a marriage that did not occur.” It is from this determination that the chancellor awarded Tucker the ring. This conclusion is supported by Mississippi caselaw and by fact. We cannot find that the chancellor “was manifestly wrong, clearly erroneous, or applied an erroneous legal standard.” Buford, 832 So.2d at 600 (¶ 14). This issue is without merit.
¶13. Cooley requests, in an alternative argument, that this Court create new precedents under which trial courts would determine ownership of an engagement ring following a broken engagement. We decline to do so. Existing Mississippi gift law adequately addresses cases such as this, and we will not deviate from the path set before us at this time.
¶14. THE JUDGMENT OF THE LAFAYETTE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., FAIR AND WILSON, JJ„ CONCUR. BARNES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND JAMES, J.; CARLTON, J., JOINS IN PART WITH OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY *477 BARNES AND JAMES, JJ. GREENLEE, J., NOT PARTICIPATING.